NOT DESIGNATED FOR PUBLICATION

No. 126,601

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUMA JELANI WRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID B. DEBENHAM, judge. Opinion filed August 30, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Juma Wright appeals the revocation of his probation and imposition of his prison sentence. We granted Wright's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) and take up the appeal without the benefits of briefing. The State did not respond to his motion.

*The record reveals a plea, probation, revocation, and then imprisonment.*

Wright pled guilty to possession of an opioid drug, a severity level 5 drug felony, and criminal damage to property, a severity level 9 nonperson felony. The district court sentenced him to 46 months in prison, suspended, and then ordered 12 months supervised probation. This is a dispositional departure sentence.

1

The State later moved to revoke his probation, alleging he violated three conditions of his probation by (1) failing to report as directed; (2) failing to remain drug free; and (3) failing to follow the recommendations of his drug and alcohol assessment.

At a later hearing, the district court found that Wright indeed violated the terms of his probation as alleged in the State's motion to revoke. The court then revoked his probation and ordered him to serve his prison sentence. The district court stated that it was revoking Wright's probation because his probation sentence resulted from a dispositional departure.

*Fundamental rules apply here.*

Once the State has proved a probation violation by a preponderance of the evidence, the district court has discretion to revoke probation and impose the underlying sentence, unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In turn we review the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." *Tafolla*, 315 Kan. at 328. As the party asserting an abuse of discretion, Wright bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328.

We recognize that K.S.A. 22-3716 offers a district court options in exercising its discretion after a probation violation has been established. Before revoking a defendant's probation and imposing the offender's underlying sentence, the district court may impose intermediate sanctions. See K.S.A. 22-3716(c)(1). But a district court may bypass such sanctions if the offender's probation "was originally granted as the result of a dispositional departure." K.S.A. 22-3716(c)(7)(B).

2

Wright argues that the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence because he needed more treatment for his substance abuse issues. But, as Wright concedes, the district court understood both the relevant facts and the governing law. Wright is thus left to argue the district court abused its discretion because the decision to revoke was so off base that no other district court judge would come to that conclusion in comparable circumstances. The argument, however, is meritless.

Wright does not dispute that his probation term was created through a dispositional departure sentence. We are confident that other district courts would have revoked Wright's probation given that his criminal history score was A, his sentence was presumptive prison, and he had substance abuse issues that were not being solved via the resources provided to him on probation. Normally, Wright would have been sent to prison. Instead, his prison sanction was suspended and he was placed on probation. Sending Wright to prison was not an abuse of discretion.

We are not the first panel to rule in this way. Other panels of our court have found no abuse of discretion when district courts revoke probationers who cannot overcome their chronic substance abuse outside of a prison setting. See *State v. Hawk*, No. 122,955, 2021 WL 299923, at *1 (Kan. App. 2021) (unpublished opinion); *State v. Bergman*, No. 120,423, 2020 WL 1074718, at *1 (Kan. App. 2020) (unpublished opinion); *State v. Ridge*, No. 122,408, 2020 WL 5268257, at *2 (Kan. App. 2020) (unpublished opinion); *State v. Zwickl*, No. 115,959, 2017 WL 2709799, at *3 (Kan. App. 2017) (unpublished opinion).

Wright has the highest possible criminal history score, and he fails to point us to a fact or law explaining why K.S.A. 22-3716(c)(7)(B) should not apply and how the district court did not act within its sound discretion. He fails to show that the district court's

3

action stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(7)(B) when it revoked Wright's probation and imposed his prison sentence. He has failed to show that the district court abused its discretion. Therefore—taking those factors into consideration—we affirm the district court's ruling.

Affirmed.