NOT DESIGNATED FOR PUBLICATION

No. 127,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KODEE WOODS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed September 27, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Kodee Woods appeals the district court's order revoking his probation and imposing his 22-month prison sentence. He claims the original sentence was illegal. We granted Woods' motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

Woods pled guilty to aggravated battery, a severity level 7 felony, and criminal threat, a severity level 9 felony, both occurring in September 2021. His presentence investigation report scored his criminal history as G based on two scored juvenile adjudications. At sentencing, Woods admitted and agreed to the criminal history listed in the presentence investigation report. The sentencing court then imposed a suspended 22-

1

month prison term with 12 months of probation, with the standard terms and conditions for probation.

*After two probation violations, the district court revoked Woods' probation.*

Five months later, Woods violated the terms of his probation by committing new crimes. At his probation revocation hearing, the district court did not revoke or modify his probation but sanctioned Woods to three days in jail and imposed new probation terms—a curfew and order to obtain a new drug and alcohol evaluation. A few months later, Woods violated the terms of probation again by committing new crimes. The district court revoked Woods' probation based on the new crime convictions and imposed his underlying 22-month prison sentence. Woods timely appealed.

*Standard of Review*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review the district court's decision to revoke Walker's probation for abuse of discretion. Judicial action is an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on a legal error; or (3) it is based on a factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). There was no abuse of discretion, and we affirm the probation revocation.

*We find that the sentencing court properly used two prior juvenile adjudications to calculate Woods' criminal history score.*

Woods claims his sentence was illegal because the sentencing court improperly used two prior juvenile adjudications when scoring Woods' criminal history. He claims that his criminal history score should have been I rather than G if the two juvenile

adjudications were not scored. But Woods misunderstands the controlling statute for scoring juvenile adjudications, K.S.A. 21-6810(d)(5). Under the statute, a juvenile adjudication decays and thus will not be considered for criminal history score calculations if:

> "(A) The current crime of conviction is committed at least five years after the date of the prior adjudication;
> "(B) the offender has no new adjudications or convictions during such five-year period; and
> "(C) the juvenile adjudication is for an offense that would be a nondrug severity level 5 through 10 felony, drug felony, nongrid felony or misdemeanor, if committed by an adult." K.S.A. 21-6810(d)(5).

Woods' argument assumes that a juvenile adjudication decays if only one of the three listed considerations are met. But the plain language of the statute rules to the contrary. Under K.S.A. 21-6810(d)(5), the three listed conditions are separated by "and," which requires that all three be met for a juvenile adjudication to decay.

Here, the two juvenile adjudications that the sentencing court used to calculate Woods' criminal history score were:

- Unlawful distribution of a controlled substance with a communication device, a juvenile nonperson felony, adjudicated on 03/10/2015; and
- Endangering a child, a juvenile nonperson misdemeanor, adjudicated on 03/10/2015.

Because the statute requires that all three conditions be met for a juvenile adjudication to decay, the analysis must continue to the remaining two conditions. Woods' prior adjudications do not satisfy the second condition—whether the offender has any new adjudications or convictions during that five-year period. K.S.A. 21-

3

6810(d)(5)(B). For the analysis under the second condition, this court must evaluate whether Woods had any new adjudications or convictions between the date of the scored juvenile adjudications and the date that Woods committed the crimes in this case. In between those two dates—3/10/2015 and 9/5/2021, Woods had three juvenile adjudications:

(1) possession of drug paraphernalia, adjudicated on 6/23/2015;

(2) disorderly conduct, adjudicated on 1/12/2016; and

(3) criminal trespass, adjudicated on 6/28/2016.

Because Woods had juvenile adjudications between the date of the scored adjudications and the date that he committed the crimes in this case, his juvenile adjudications did not meet the second condition under the statute. Therefore, his two prior juvenile adjudications do not decay and may be used to calculate his criminal history score. See *State v. Jones*, No. 122,756, 2021 WL 2386044, at *5 (Kan. App. 2021) (unpublished opinion).

Because the sentencing court properly included Woods' prior juvenile adjudications in the calculation of Woods' criminal history score, the resulting sentence was not illegal. Accordingly, we affirm.

Affirmed.