NOT DESIGNATED FOR PUBLICATION

No. 126,725

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES W. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Opinion filed November 1, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Charles Walker appeals the district court's order revoking his probation and imposing his underlying 35-month prison sentence. Walker acknowledges that he violated several terms of his probation and committed a new offense, but he argues his circumstances warranted a less extreme sanction. We granted Walker's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) and now affirm the district court's ruling.

Walker pleaded no contest to aggravated assault, criminal threat, possession of a controlled substance, and driving under the influence of alcohol or drugs, all stemming from conduct that occurred in June 2020. In May 2022, the court imposed a 35-month

1

prison sentence for these crimes. The court then suspended this sentence and ordered Walker to serve 24 months of probation.

Unfortunately, Walker's time on probation was unsuccessful. Six months into his probation term, Walker violated the conditions of his probation. In February 2023, the district court sanctioned Walker for these violations by ordering him to spend three days in jail and then serve the remainder of his probation term.

A month later, the State alleged Walker again violated the terms of his probation in several ways, including by committing a new offense—making an unlawful request for emergency service assistance. The State also alleged that Walker had missed three scheduled appointments that were necessary to start receiving mental-health services, had not completed his community service, and had not made any payments on his court costs.

In June 2023, the district court conducted a bench trial on Walker's new charge followed by a hearing on the alleged probation violations.

- During the bench trial, the district court heard testimony from Walker's relative, a sheriff's deputy, and Walker, and it reviewed the originating 911 call and the responding deputy's body camera footage. Based on that testimony and evidence, the district court found Walker guilty of making an unlawful request for emergency services, a class A nonperson misdemeanor.

- The court then heard testimony from Walker and his probation officer on the alleged probation violations. Following this testimony, the district court found that Walker violated the terms of his probation. The court took the disposition of Walker's probation violations under advisement, ordering Walker to consult with his probation officer about an outstanding disability claim and otherwise comply with the terms of his probation while it considered the appropriate sanction.

2

The court later held a hearing to determine the appropriate disposition of Walker's case. In the meantime, Walker had made a $100 payment towards his $2,033 in court costs but had otherwise struggled to comply with the terms of his probation. Walker told the court he had set up his community service, but the probation officer advised that they were unable to verify his claim. The probation officer also advised that Walker had not followed up on any of his mental-health intake appointments nor had he provided the documentation of his disability claim as ordered by the district court. And Walker had failed to appear for a hearing in a separate case, which resulted in the issuance and execution of a warrant on Walker in Nebraska; while in Nebraska, Walker also committed new traffic violations.

Given Walker's failure to make progress on the terms of his probation and the evidence and testimony presented at both hearings, the district court revoked Walker's probation and ordered him to serve his underlying 35-month prison sentence. Walker challenges this decision on appeal.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review the district court's decision to revoke Walker's probation for abuse of discretion. Judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

The probation revocation statute in effect when Walker committed his underlying crimes—K.S.A. 2019 Supp. 22-3716—controls our analysis. When a person violates their probation terms under that statutory framework, a district court ordinarily must order them serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 2019 Supp. 22-3716(c)(1)(C). The district court may bypass this requirement if

the person commits a new offense while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C). Here, Walker both received an earlier sanction and committed a new crime.

Walker does not argue that the district court's decision to revoke his probation was rooted in a legal or factual error. But he asserts the facts of his case did not warrant revoking his probation at this point. We disagree. Walker had been on probation for less than a year and had committed two rounds of probation violations. The district court had already ordered Walker to serve a three-day jail sanction as authorized under K.S.A. 2019 Supp. 22-3716(c)(1)(C), and this sanction did not improve Walker's compliance with the terms of his probation. Instead, once released, Walker committed a new crime and otherwise demonstrated a lack of ability to comply with the conditions of his probation. The district court's decision to revoke Walker's probation and order him to serve his underlying prison sentence was reasonable.

Affirmed.