IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,331

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH J. TAFOLLA,
*Appellant*.

SYLLABUS BY THE COURT

1.

Once a probation violation has been established, the district court's decision to revoke an offender's probation and to impose the original sentence is discretionary unless otherwise limited by statute. An appellate court reviews this decision for an abuse of discretion. A court abuses its discretion if the judicial decision is arbitrary, fanciful, or unreasonable, is based on an error of law, or is based on an error of fact. The offender bears the burden of establishing abuse of discretion.

2.

K.S.A. 2018 Supp. 22-3716(c)(9)(B) provides the district court with discretion to revoke an offender's probation without having previously imposed intermediate sanctions if the probation originally was granted as a result of a dispositional departure. The statute does not require the district court to make particularized findings in exercising this discretion.

1

3.

One way in which an offender can demonstrate an abuse of discretion is to show that the district court failed to exercise its discretion, either because it refused to do so or because it failed to discern that it was being called upon to exercise discretion.

4.

Under the facts here, the offender failed to meet his burden to show the district court did not understand it had discretion to either impose or bypass intermediate sanctions.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 11, 2021. Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 22, 2022. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.: Jeremiah J. Tafolla appeals the district court's decision to revoke his probation and order him to serve his original prison sentence. On direct appeal, Tafolla claimed the district court lacked authority to revoke his probation without first imposing the required intermediate sanctions. A majority panel of the Court of Appeals disagreed, holding that Tafolla had no right to intermediate sanctions before having his probation revoked because the district court gave him a dispositional departure at sentencing. On review, Tafolla argues the district court's failure to affirmatively invoke

2

the dispositional departure exception means the court could not bypass the required intermediate sanctions. But the district court's revocation of Tafolla's probation adhered to the statutory framework in K.S.A. 2018 Supp. 22-3716(c)(9)(B). As a result, the district court did not abuse its discretion in bypassing the required intermediate sanctions and imposing the original prison sentence.

FACTS AND PROCEDURAL HISTORY

In February 2019, the State charged Tafolla with failure to register under the Kansas Offender Registration Act (KORA) as required by K.S.A. 2018 Supp. 22-4903(a), (c)(1)(B) and K.S.A. 2018 Supp. 22-4905(b)(2). Tafolla pleaded guilty to the charge in exchange for a joint sentencing recommendation that the district court impose the high number in the applicable sentencing guidelines gridbox but grant him a dispositional departure to probation. The parties' joint recommendation stemmed from (1) the age of Tafolla's prior person felonies, (2) the role mental health played in his failure to register under KORA, (3) his willingness to engage in mental health counseling and comply with KORA in the future, and (4) his agreement to undergo a drug and alcohol evaluation and a mental health evaluation and to follow their recommendations.

In September 2019, Tafolla appeared for sentencing. Finding that Tafolla's criminal history score was A, the district court followed the parties' recommendations by sentencing him to 136 months' imprisonment but granting a dispositional departure to probation for 36 months. In support of the departure, the district court cited the same reasons that the parties presented in the joint recommendation. The court's sentencing journal entry of judgment also listed these reasons as the basis for the departure.

One week after sentencing, Tafolla violated the terms of his probation by submitting a urine sample that tested positive for "Meth/Amphetamines," cocaine, and

3

THC. In October 2019, Tafolla admitted to the probation violation, waived his rights to counsel and an evidentiary hearing, and agreed to serve a two-day intermediate jail sanction, which the district court approved.

In November 2019, Tafolla again submitted a urine sample that tested positive for amphetamines and methamphetamines. At a probation violation hearing, Tafolla waived his right to an evidentiary hearing and admitted to the violation. The State asked the court to revoke Tafolla's probation and impose his underlying prison sentence. Relying on Tafolla's probation report, his criminal history, his receipt of a downward dispositional departure, and the short window between his sentencing and his two probation violations, the State argued that Tafolla was no longer amenable to probation.

Tafolla's counsel responded by asserting that the reason the court granted the departure was to help Tafolla address his underlying substance abuse issues. Counsel acknowledged Tafolla was still struggling with these issues but pointed out Tafolla had followed recommendations to obtain a mental health evaluation and to engage in outpatient treatment, including medication, counseling, and substance abuse meetings. Tafolla personally requested inpatient treatment to address his addiction.

Unpersuaded by Tafolla's arguments, the district court revoked his probation and ordered him to serve the original 136-month prison sentence. In revoking Tafolla's probation, the court stated,

> "Your criminal history score was A at the time you were sentenced. You didn't—
> so you know how this system works and what was expected of you. You were granted a
> departure. You were given an opportunity at time of sentencing. Some of those factors
> were listed in the departure motion, and the basis for the departure was the age of the
> defendant's person felonies, the role the defendant's mental health played in the

4

commission of the crime, your willingness to engage in mental health treatment and to undergo a drug and alcohol evaluation and follow all recommendations.

"Although you may be—it's been stated that your probation officer is the individual that has to work through that with you, the issues that you're having while on probation, and this substance abuse problem. You've been set up to succeed. But you haven't done what you were supposed to do in the interim.

"While you were afforded the opportunity to enter substance abuse treatment the Community Corrections letter dated 12/12 of '19, states that you have yet to submit a clean UA while being on probation.

"With that being said, I can't send you to Residential, as they—you are not eligible for a referral to Residential.

. . . .

"At this point in time the Court finds that the defendant['s] substance abuse issues and mental health challenges deem him unamenable to probation. The fact that you are not following through on what you were explicitly[] told that you needed to follow through at the time of sentencing."

In its journal entry, the district court listed as the reason for revoking Tafolla's probation:  "Defendant failed to refrain from possessing or consuming any type of alcohol or drugs, on 11/14/19, the defendant submitted a urine sample that was confirmed positive for amphetamines per Cordant Forensic Solutions" twice. The journal entry did not reflect the court's reason for bypassing intermediate sanctions and imposing Tafolla's original prison sentence.

On direct appeal, Tafolla claimed the district court lacked authority to revoke his probation without imposing the required intermediate sanctions. A majority panel of the

5

Court of Appeals affirmed the district court's decision, reasoning that K.S.A. 2018 Supp. 22-3716(c)(9)(B) permitted revocation because Tafolla had received a dispositional departure at sentencing. The majority concluded that the statute did not require the district court to specifically invoke the dispositional departure exception to bypass intermediate sanctions. *State v. Tafolla*, No. 122,331, 2021 WL 2388195, at *2 (Kan. App. 2021) (unpublished opinion). In the alternative, the majority held that Tafolla failed to preserve the issue because he never asked the district court to impose an intermediate sanction. 2021 WL 2388195, at *3.

In dissent, Judge Tom Malone suggested the majority's decision conflicted with *State v. Duran*, 56 Kan. App. 2d 1268, 1277, 445 P.3d 761 (2019).

We granted Tafolla's petition for review.

ANALYSIS

Tafolla argues the district court's failure to expressly invoke the statutory dispositional departure exception requires us to reverse the district court's decision to impose his original sentence and to remand for the district court to consider intermediate sanctions. As noted by the Court of Appeals panel, Tafolla raised this issue for the first time on appeal. *Tafolla*, 2021 WL 2388195, at *3. Nonetheless, the Court of Appeals implicitly invoked its authority to address the issue. Because the State did not object, there is no preservation issue before us.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). This court reviews the propriety of the sanction for a probation violation imposed by the

6

district court for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Tafolla bears the burden of establishing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Tafolla argues the district court's decision was based on an error of law. He claims the district court erred by rejecting his argument that K.S.A. 2018 Supp. 22-3716(c)(9)(B) requires the district court to specifically invoke the dispositional departure exception to bypass intermediate sanctions. Because Tafolla's argument requires interpretation of K.S.A. 2018 Supp. 22-3716, this court exercises unlimited review. *Coleman*, 311 Kan. at 334-35.

K.S.A. 2018 Supp. 22-3716, the version of the statute in effect when Tafolla committed his crime, governs the procedure for revoking an offender's probation. Once it finds the offender violated the conditions of probation, this statute requires the district court to impose a 2- or 3-day intermediate jail sanction and a 120- or 180-day intermediate prison sanction before revoking an offender's probation and imposing the prison sentence. See K.S.A. 2018 Supp. 22-3716(c)(1). But the statute provides four exceptions to the rule requiring imposition of intermediate sanctions. Under K.S.A. 2018 Supp. 22-3716(c)(8) and (9), and at the district court's discretion, the court may bypass intermediate sanctions

1. if the offender commits a new crime while on probation; or
2. if the offender absconds from supervision while on probation; or

7

3. if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by imposing intermediate sanctions; or

4. if probation originally was granted as the result of a dispositional departure.

Here, the district court did not identify the statutory exception on which it relied to bypass intermediate sanctions. But the panel found the district court had discretion to bypass the intermediate sanctions under the fourth exception because Tafolla received a dispositional departure sentence to probation. The panel held the court was not required to expressly invoke this exception. *Tafolla*, 2021 WL 2388195, at *2.

Tafolla claims the panel erred as a matter of law in holding the district court was not required to expressly invoke the dispositional departure exception to bypass intermediate sanctions. First, he argues the district court erred by imposing the sentence based *solely* on Tafolla being "unamenable to probation." Second, he argues that even if the court could have relied on the dispositional departure statutory exception, the court's failure to expressly invoke the exception is legal error because there is no way to tell the district court knew it had discretion to deny the State's request to bypass intermediate sanctions.

*The district court bypassed sanctions because Tafolla was unamenable to probation and because the dispositional departure exception provided the court with discretion to do so.*

During the probation revocation hearing, the district court noted Tafolla's substance abuse issues and mental health challenges deemed him unamenable to probation. As the dissent notes, this is not a statutory basis to bypass intermediate sanctions. Under a similar concept, however, the court may bypass intermediate sanctions if the court *sets forth with particularity* the reasons for finding the welfare of the offender

8

will not be served by imposing intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(9)(A). When the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details. Implicit findings by a court are insufficient when particularized findings are required by statute. *State v. Clapp*, 308 Kan. 976, 989-90, 425 P.3d 605 (2018). We agree with Tafolla that the court did not find or state with particularity the reasons why Tafolla's welfare would not be served by continued probation.

Even so, we disagree with Tafolla's assertion that the district court bypassed intermediate sanctions and imposed the prison sentence based *solely* on Tafolla being unamenable to probation. Although the district court did not expressly invoke it, the probation revocation transcript reflects the court relied on its earlier decision to grant Tafolla a dispositional departure sentence to probation.

The dissent argues that the district court revoked probation solely because "it found Tafolla was not amenable to probation." But both parties and the court expressly referred to the earlier dispositional departure sentence during Tafolla's revocation hearing. While the district court said, "[T]he Court finds that the defendant['s] substance abuse issues and mental health challenges deem him unamenable to probation," the court also reiterated the basis for granting Tafolla a dispositional departure. The court noted it granted the dispositional departure based on the age of his person felonies, the role that mental health played in his failure to register under KORA, his willingness to engage in mental health counseling and comply with KORA in the future, and his agreement to undergo a drug and alcohol evaluation and a mental health evaluation and to follow their recommendations. After reviewing with Tafolla each of these factors at the revocation hearing, the court told Tafolla that "you are not following through on what you were explicitly[] told that you needed to follow through at the time of sentencing."

9

Unlike the offender welfare exception, the dispositional departure statutory exception does not require particularized findings. K.S.A. 2018 Supp. 22-3716(c)(9)(B). The plain language of this statutory subsection authorizes the district court to revoke an offender's probation without having previously imposed intermediate sanctions if the probation originally was granted as a result of a dispositional departure. Tafolla does not dispute that his probation resulted from a dispositional departure. We find no error of law under the statute.

*Tafolla fails to meet his burden to show the district court refused to exercise its discretion or did not know it had discretion to impose intermediate sanctions.*

In an alternative argument, Tafolla assumes the district court had discretion to bypass intermediate sanctions if the probation was granted as the result of a dispositional departure. But Tafolla argues the district court abused its discretion by failing to acknowledge on the record that it knew it had discretion to either impose or bypass intermediate sanctions. *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017) (a district court abuses its discretion by failing to exercise it). In support of his argument, he cites Judge Malone's dissent, which in turn relies on *Duran*, 56 Kan. App. 2d 1268.

In *Duran*, a Court of Appeals panel held a district court improperly invoked the public safety bypass in revoking a defendant's probation because the district court failed to make the statutorily required particularized findings. 56 Kan. App. 2d at 1275-77. But Tafolla does not cite *Duran* for this legal proposition. Instead, he relies on *Duran*'s alternative holding: a district court cannot bypass intermediate sanctions based on the dispositional departure exception unless the court expressly acknowledges at the revocation hearing that the probation resulted from a dispositional departure. 56 Kan. App. 2d at 1277. On this point, the panel noted it could not "affirm the district court for a discretionary decision it did not make." 56 Kan. App. 2d 1277. Tafolla wants us to adopt

10

the *Duran* analysis. He asks us to hold that, when an offender's probation results from a dispositional departure, a district court abuses its discretion if it fails to expressly acknowledge at the probation revocation hearing that (1) it has discretion to either impose or bypass intermediate sanctions and (2) it is exercising that discretion to bypass intermediate sanctions.

"One way in which a defendant can demonstrate the existence of an abuse of discretion is to show that the district court failed to exercise its discretion, either because it refused to do so or because it failed to discern that it was being called upon to exercise discretion." *Stewart*, 306 Kan. at 262.

> "It is an abuse of discretion for a district court to issue a 'blanket ruling' that disposes of a discretionary determination automatically without analyzing the factors that would enter into the discretionary decision; *i.e.,* it is an abuse of discretion to refuse to exercise discretion or fail to appreciate the existence of the discretion to be exercised in the first place. [Citation omitted.]" 306 Kan. at 262.

Tafolla bears the burden to establish the district court abused its discretion. 306 Kan. at 262. To meet that burden, Tafolla asserts we can infer from the district court's failure to expressly invoke the dispositional departure exception that the district court failed to understand it had discretion to either impose or bypass intermediate sanctions. But Tafolla's conclusory assertion cannot meet his burden. There is no suggestion in the record that the district court mistakenly believed it had to bypass intermediate sanctions because the probation resulted from a dispositional departure. This is not a case in which the record shows the court was unaware of its discretionary powers or refused to analyze the factors relevant to a discretionary decision.

As the Court of Appeals panel noted, Tafolla never raised this issue before the district court. A defendant who fails to request an intermediate sanction and makes no

request for more definite findings faces an uphill battle when trying to show that a district court abused its discretion. If there is no objection, we presume the district court "found all facts necessary to support its judgment." *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016) (Rosen, J.).

The district court's revocation of Tafolla's probation adhered to the statutory framework in K.S.A. 2018 Supp. 22-3716(c)(9)(B). And Tafolla failed to meet his burden to show the district court did not understand it had discretion to either impose or bypass intermediate sanctions. For these reasons, we conclude the district court did not abuse its discretion in bypassing intermediate sanctions and imposing Tafolla's original prison sentence.

Affirmed.

\* \* \*

ROSEN, J., dissenting:  I respectfully dissent. The district court had authority to—within its discretion—skip intermediate sanctions and revoke probation if Tafolla had committed a new crime; if Tafolla had absconded from supervision; if the court had concluded intermediate sanctions would jeopardize the safety of the public or would not have served Tafolla's welfare; or if the court had originally imposed probation as a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(8), (9). At the revocation hearing, the court noted it originally departed from the grid sentence because of the age of Tafolla's felonies, his mental health challenges, and his willingness to seek treatment, undergo evaluations, and follow recommendations. The judge then observed that Tafolla had not done what he "was supposed to do" and found that Tafolla's "substance abuse issues and mental health challenges deem him unamenable to probation." He told Tafolla "you are not following through on what you were explicitly told that you needed to

follow through at the time of sentencing. Having revoked your probation, I'm going to impose the original sentence . . . ." This record reflects that the court skipped intermediate sanctions and revoked probation because it found Tafolla was not amenable to probation. Because this is not one of the four statutory bases authorizing that ruling, I would conclude the court abused its discretion and remand for a new hearing.

The majority sees no error because it reads into the record an implication that the court relied on the original dispositional departure to justify the probation revocation. It sees this in the court's discussion detailing the reasons it originally departed from the grid sentence. Contrary to the majority's understanding, I do not read this as part of the court's reasoning for skipping the sanctions. Perhaps it was, but in this case, where the court explicitly rested its probation revocation on a finding that the defendant was unamenable to probation, I would take the court at its word. If the original departure independently justifies the skipping of intermediate sanctions, the court can say so on remand. I will not affirm an 11-year prison sentence for a KORA violation on a guess at the court's reasoning. Every matter that comes before a Kansas court deserves precise analysis. That is no less true here, where the defendant simply failed to act and is now serving a sentence three times the length of the maximum punishment authorized for the original crime that resulted in the imposition of the draconian registration requirements. See K.S.A. 2011 Supp. 21-6804; K.S.A. 2011 Supp. 21-5412. Notwithstanding my longtime opposition to legitimizing KORA as a lawful civil regulatory scheme, the importance of following the graduated sanctioning scheme cannot be understated, and a court's abandonment of that scheme should not be considered lightly. See *State v. Dooley*, 313 Kan. 815, 821-22, 491 P.3d 1250 (2021) (Rosen, J., dissenting) (emphasizing the critical nature of graduated sanctions).