NOT DESIGNATED FOR PUBLICATION

No. 126,635

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN RYAN MENDENHALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed March 8, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

PER CURIAM:  Justin Ryan Mendenhall appeals the district court's revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond to said motion. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2022, Mendenall pled no contest to attempted arson, a severity level 9 nonperson felony, after cooking a light bulb in a microwave when checking out of a local hotel. In accordance with a plea agreement, the district court sentenced Mendenhall to the

1

presumptive 14 months of imprisonment but, granting his motion for dispositional departure, suspended the prison sentence to the terms of 12 months of probation.

In February 2023, just months after being granted probation, Mendenhall was charged and later convicted of felony aggravated assault in another Kansas county. The State moved to revoke his probation on the attempted arson case. When appearing at the probation revocation hearing, Mendenhall stipulated he violated the terms and conditions of his probation by failing to remain crime free. As a result, the district court revoked Mendenhall's probation and sentenced him to the original sentence of 14 months' imprisonment.

Mendenhall timely appealed the revocation of his probation.

ANALYSIS

Mendenhall asserts the district court abused its discretion by imposing his underlying prison sentence rather than ordering him to serve a sanction and allowing him to continue paying off court costs and restitution. Once the district court determines an offender has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Mendenhall bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

The statutory limitations of the district court's discretion can be found in K.S.A. 2022 Supp. 22-3716. Relevant here, under K.S.A. 2022 Supp. 22-3716(c)(7)(B), (C), the district court may revoke probation without having previously imposed a sanction if the

2

probation was originally granted as the result of a dispositional departure or if the offender commits a new felony or misdemeanor while serving probation.

Under these statutory provisions, the district court made no error of law or fact. Mendenhall stipulated he had violated the terms of his probation by being convicted of a new crime—felony aggravated assault. And, the record reflects the district court granted him probation on the attempted arson conviction as a result of a dispositional departure. The district court, then, was within its statutory authority to bypass sanctions for either of those reasons and simply revoke Mendenhall's probation. K.S.A. 2022 Supp. 22-3716(c)(7)(B) and (C). Therefore, the district court did not abuse its discretion in revoking Mendenhall's probation and imposing his original sentence of imprisonment.

Affirmed.