NOT DESIGNATED FOR PUBLICATION

No. 126,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZAUNTAE ALLEY-CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed March 8, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

PER CURIAM: Zauntae Alley-Carter appeals the district court's revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond to that motion. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, Alley-Carter pled guilty to criminal possession of a weapon by a convicted felon. The district court sentenced Alley-Carter in January 2023 to 15 months

1

of imprisonment but suspended Alley-Carter's sentence and placed him on the terms of 18 months' probation.

Alley-Carter quickly violated the terms of his probation. In March 2023, just two months after sentencing, his intensive supervision officer (ISO) outlined in a warrant the myriad of ways Alley-Carter had violated his probation, including failing to complete a drug and alcohol evaluation; testing positive for meth/amphetamines, cocaine, THC, and alcohol; failing to complete his community service work; failing to obtain and maintain employment; and failing to report to his ISO on two occasions. In April 2023, Alley-Carter stipulated he violated the terms of his probation. The district court ordered Alley-Carter to serve a 60-day jail sanction and reinstated probation. During that 60-day work release, Alley-Carter was kicked out of work release due to his behavior.

In June 2023, Alley-Carter again violated the terms of his probation by committing two new crimes—simple domestic battery and unlawful possession of methamphetamine—among other violations. During the probation violation hearing in July 2023, Alley-Carter again stipulated to all violations. Finding that probation was not working out, the district court revoked Alley-Carter's probation for committing a new crime and ordered him to serve a modified prison sentence of 12 months.

Alley-Carter timely appealed.

ANALYSIS

Alley-Carter claims the district court abused its discretion by imposing the modified prison sentence rather than granting a 30-day jail sanction. Alley-Carter argues he wanted to be successful on probation but was struggling with mental illness and addiction. To deal with these struggles, he suggested to the district court that he attend a batterer's intervention program and wear a GPS monitor after serving the jail sanction,

2

rather than serving a prison sentence. Alley-Carter argues the district court should have sanctioned him, as he suggested, and continued his probation.

Once the district court determines an offender has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). One of such statutory limitations lies in K.S.A. 2022 Supp. 22-3716(c)(7)(C), which permits the district court to revoke probation without having previously imposed a sanction if an offender commits a new felony or misdemeanor while on probation. A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Alley-Carter bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court made no error of law or fact. Alley-Carter stipulated he had violated the terms of his probation. Those violations included the commission of new crimes, so the district court was authorized by statute to bypass sanctions and revoke Alley-Carter's probation. K.S.A. 2022 Supp. 22-3716(c)(7)(C). And, given Alley-Carter's prior violations of probation, we cannot say that no reasonable person would have taken the same position as the district court. The district court was within its statutory authority and sound discretion in revoking Alley-Carter's probation and imposing a modified prison sentence.

Affirmed.