NOT DESIGNATED FOR PUBLICATION

No. 126,937

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAYLIN MARKEEC MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 13, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Jaylin Markeec Moore appeals the district court's extension of his probation period and imposition of a 60-day jail sanction and additional conditions. This court granted Moore's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State does not contest that summary disposition is appropriate here. After careful review of the record before us, we affirm the district court's ruling.

Moore pleaded guilty to aggravated battery, a severity level 4 person felony. K.S.A. 21-5413(b)(1)(A), (g)(2)(A). After determining Moore's criminal history score to

1

be H, the district court sentenced him to 48 months in prison but granted him a dispositional departure to 36 months' probation.

About two months after Moore was placed on probation, his intensive supervision officer (ISO) issued a warrant alleging six probation violations, claiming Moore's violations began about a month after his sentencing. During the violation hearing, Moore waived his right to an evidentiary hearing and stipulated to the following probation violations: (1) he tested positive for THC and alcohol on July 19, 2023, and (2) he failed to report to his ISO on August 15, 2023. The district court accepted Moore's stipulations and determined that he was in violation, while the State dismissed the remaining four allegations.

Accordingly, due to his stipulation and based on the recommendation of Moore's ISO, the district court extended Moore's probation by an additional 36 months and imposed a 60-day jail sanction. The court also imposed new conditions requiring Moore to (1) be released to, and successfully complete, an adult residential program; (2) to obtain a domestic violence offender assessment; and (3) to submit to a new drug/alcohol evaluation within 14 days of placement into the adult residential program. Moore appealed from this ruling.

On appeal, Moore contends the district court abused its discretion in extending his probation, imposing the 60-day jail sanction, and setting new probation conditions. Moore argues that no reasonable person would have taken the position the district court took because it was his first violation, he had obtained reliable housing and employment before the violation hearing, and he took responsibility for his mistakes and outlined his confusion regarding reporting to his ISO. Additionally, he argued that it would be in his best interests to continue under his originally imposed probation terms and conditions.

Once a probation violation has been established, the district court has wide discretion to impose consequences for the violation, so long as such a decision falls within the court's statutory authority. See K.S.A. 22-3716(c)(1) (outlining potential sanctions a district court may impose for probation violations arising from a felony conviction). A court abuses that discretion, though, if its decision is based on an error of law or fact or is otherwise arbitrary, fanciful, or unreasonable. As the party contending the court abused its discretion, Moore bears the burden of establishing such abuse. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Moore has not identified a legal or factual error committed by the district court, so we are left to determine whether no reasonable person would agree with the district court's decision. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). He contends only that the district court acted unreasonably by failing to consider his recent job change, steady employment, transition from homelessness into a home with a roommate, and initial confusion regarding reporting to his ISO. But Moore's disagreement with the court's decision does not rise to the level of unreasonableness. The court initially granted Moore probation as a downward dispositional sentence, in part due to his positive performance on pretrial bond. Yet he then violated the terms of his probation just a month after it was imposed by testing positive for THC and alcohol and later failing to report. And the district court would have been within its discretion to revoke his probation altogether, yet it continued to permit him to stay on probation after serving his sanction. See K.S.A. 22-3716(c)(7)(B) (court may revoke probation without having previously imposed a sanction under subsection [c][1] if the probation was originally granted as the result of a dispositional departure).

Under these circumstances, Moore has not carried his burden of establishing that the district court's decision to extend his probation and modify its conditions was unreasonable.

Affirmed.