NOT DESIGNATED FOR PUBLICATION

No. 127,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD LEE LONG,
*Appellant.*

MEMORANDUM OPINION

Appeal from Marshall District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed November 8, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Andrew J. Lohmann*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM: After Chad Lee Long pleaded no contest to possession of marijuana and possession of drug paraphernalia, he received 12 months' probation through a downward dispositional departure. After multiple probation violations, the district court revoked Long's probation and imposed his original sentence. Long appeals, arguing that the district court abused its discretion in so doing. Finding no error, we affirm.

Long was convicted of one count of possession of marijuana—third offense—and one count of possession of drug paraphernalia, through a no-contest plea. Long had a

1

presumptive prison sentence due to his criminal history score of A. The district court granted Long's motion for a downward dispositional departure, sentenced Long to 40 months in prison with a consecutive 6 months in county jail, and then suspended that to 12 months' probation.

But Long had trouble complying with his probation. In March 2023, Long's probation officer, Chris Denner, filed an affidavit of probation violation, detailing that Long: (1) failed to report to Denner since being placed on probation in December 2022, even though weekly meetings were required; (2) failed to obey the law in February 2023 by possessing marijuana and drug paraphernalia, driving without a required ignition interlock device, and violating traffic ordinances; (3) used illegal drugs contrary to his probation terms; (4) failed to provide Denner with his phone number or address; (5) operated a motor vehicle without a valid license; and (6) failed to complete a drug/alcohol evaluation in December 2022. Long was arrested for these probation violations in April 2023 and bonded out.

In June 2023, Long completed his first substance abuse evaluation, which recommended level 2 intensive outpatient treatment. This evaluation noted Long's statements that he wanted to quit substance use for good but that he was unable to stay sober for more than five days at a time, and that his longest periods of sobriety were while he was in jail. Long failed to appear at his probation violation hearings in May and July 2023 and was later arrested on a warrant for failing to appear.

In October 2023, Long, while in custody, completed a second substance abuse evaluation that diagnosed him with moderate to severe cannabis, alcohol, and stimulant use disorders, also recommending level 2 intensive outpatient treatment.

At the probation revocation hearing in November 2023, Denner testified that he only saw Long face-to-face when Long was in custody. Long texted him once every few

weeks starting in April 2023, but Long was required to report weekly and face-to-face per the Kansas Department of Corrections. For these reasons, Denner considered Long to be an absconder throughout probation. Denner also discussed the probation violations listed in his affidavit from March 2023.

Long testified that he thought Denner would contact him and he did not know he was supposed to contact Denner. Once he learned this in April 2023, he would constantly tell Denner where he was for his job and told Denner he still lived at "the same address" and had "the same phone number." Long also thought phone calls to Denner were sufficient reporting. Long said that if he were released from jail, he would do the recommended treatment programs and would try to find employment again.

After considering the evidence, the district court revoked Long's probation, finding that Long had proven to be a poor candidate for probation based on his history of probation violations and his failure to take probation seriously. The district court found that Long's original sentence resulted from a dispositional departure, that Long had committed new crimes, and that he had absconded from supervision, among other violations of his probation terms.

The district court imposed the original 40-month underlying sentence but changed the consecutive 6-month sentence to run concurrent rather than consecutive, thus shortening Long's sentence. Long now appeals.

*The district court did not abuse its discretion by revoking Long's probation and imposing his original sentence.*

Long's sole argument on appeal is that the district court abused its discretion by revoking his probation and imposing a modified sentence rather than ordering

intermediate sanctions. Long bears the burden to establish an abuse of discretion. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Once a probation violation is established, "the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *Tafolla*, 315 Kan. at 328. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. 315 Kan. at 328.

Courts may bypass intermediate sanctions when revoking probation under multiple exceptions, including if probation was originally granted through a dispositional departure, if the offender commits a new crime while on probation, or if the offender absconds from supervision while on probation. K.S.A. 22-3716(c)(7)(B)-(D). Long concedes that the district court had the statutory authority and the factual basis to skip the intermediate sanctions otherwise required under K.S.A. 22-3716. We agree. Long received probation through a dispositional departure, and the district court determined that he committed new crimes and absconded from supervision.

Still, Long argues that the district court's decision was arbitrary and unreasonable considering Long's mental health and substance abuse disorders, his attempts at starting treatment, and his steady employment. Long argues the district court should have imposed intermediate sanctions such as the 60-day sanction under K.S.A. 22-3716(c)(9), which would have allowed Long to arrange for treatment, while protecting the public. Failing to do so, Long claims, was unreasonable "given today's environment and societal norms."

But those same facts support the district court's decision to revoke his probation. Nothing suggests that Long would begin treatment if he were given an intermediate sanction. Although Long said he would start treatment if released from jail, Long was

4

required to begin treatment in December 2022, yet he never took the necessary steps to do so even though his probation was not revoked until November 2023. And Long reported that his longest periods of sobriety were while he was in jail. Given these facts and the many other probation violations Long committed, we find the district court's decision was neither arbitrary nor unreasonable.

Affirmed.