NOT DESIGNATED FOR PUBLICATION

Nos. 127,170
127,171
127,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CAMERON M. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICHARD MARQUEZ, judge. Opinion filed November 22, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: Cameron M. Taylor appeals the district court's order revoking his probation and imposing his underlying 72-month prison sentence. Taylor acknowledges that he violated several terms of his probation, but he argues that his circumstances warranted a less extreme sanction. We granted Taylor's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), and now affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

In three cases—consolidated on appeal—Taylor pled no contest to three felonies (1) possession of methamphetamine; (2) possession of cocaine; and (3) interference with law enforcement. The sentencing court granted a downward dispositional departure based on the parties' joint recommendation, Taylor's need for drug addiction treatment, and in the interest of justice. The court imposed a 72-month prison term suspended to the terms of 12 months of probation for all three cases.

A few months later, Taylor violated the terms of his probation by failing to report to his probation officer, admitting to continued drug use, and committing new crimes. As a result, the State moved to revoke Taylor's probation.

The district court bifurcated Taylor's probation violation hearings. First, the court held a preliminary hearing and determined, based on the testimony and evidence presented, that there was probable cause that Taylor committed the felony charges the State alleged. The court then held a disposition hearing to determine whether Taylor's probation should be revoked. Representing himself, Taylor requested that the court reinstate his probation term and allow him to receive inpatient drug treatment. The district court found that Taylor violated the conditions of his probation and revoked Taylor's probation and ordered that he serve his underlying prison sentence.

Taylor timely appealed.

2

*We review the court's decision for an abuse of discretion.*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review a district court's decision to revoke Taylor's probation for abuse of discretion. See 315 Kan. at 328. Judicial action is an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on a legal error; or (3) it is based on a factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Taylor does not claim the court's decision was legally or factually inappropriate, so we are faced with the sole issue of whether the court's decision was arbitrary, fanciful, or unreasonable.

*Revoking Taylor's probation and imposing his underlying prison sentence was not an abuse of discretion.*

On appeal, Taylor does not contest the court's finding that he violated his probation. Nor does he dispute that the judge was not required to first impose intermediate sanctions. See K.S.A. 22-3716(c)(7)(B) (court may revoke probation without imposing intermediate sanctions if probation was originally granted as a result of a dispositional departure); see also K.S.A. 22-3716(c)(7)(C) (allowing courts discretion to revoke probation without imposing intermediate sanctions if the person committed a new crime while on probation). Instead, Taylor argues that the district court abused its discretion in revoking his probation because (1) this was his first alleged probation violation hearing; (2) he established a need for additional drug addiction treatment; and (3) a jail sanction was appropriate rather than ordering him to serve his 72-month prison sentence.

Here, the district court conducted a full evidentiary hearing on the violation of Taylor's probation. Recall, Taylor had been given a dispositional departure sentence from presumptive prison to probation on possession of methamphetamine and possession of cocaine charges on November 5, 2021. He was to enter drug treatment as a condition of his probation. As a convicted felon, he was not to possess any weapons.

Right out of the box, Taylor missed several meetings with his probation officer. Three months after placement on probation, Taylor submitted a positive drug test and admitted using methamphetamine and marijuana. A few weeks later, he again reported using marijuana. He failed to submit any evidence of entry into a drug treatment program.

On August 2, nine months after being released on probation, Taylor was arrested by the Garden City Police Department for possession of stolen property, possession of a firearm by a felon, possession of marijuana, and possession of drug paraphernalia. As a result, a warrant was issued for his arrest on a probation violation. He was arrested on that warrant at the community corrections facility on August 18, 2022. While being taken to jail, officers found methamphetamine on or near his person that he appeared to be trying to hide in the back of the patrol vehicle.

At the conclusion of the hearing, the court found the evidence established by a preponderance of the evidence that Taylor violated the terms and conditions of his probation as alleged by the State. At the disposition hearing, the court reiterated the violations it found Taylor committed by his own admission. He noted that Taylor was given a dispositional departure to probation to address his drug problem. Yet he had failed to do so and, in fact, continued to use. The court noted this would be enough to revoke his probation even if the court did not consider the new crimes. The court concluded by saying:

4

"So clearly something is not getting through. Do I think you're a bad person? No. That doesn't even enter into my analysis. What I'm looking at is, I think you've got a drug problem. I think you don't comply with the rules that you're supposed to comply with, and you have to honor the orders of the Court. And you haven't done so."

Based on our review of the record, we find no abuse of discretion in the district court's revocation of Taylor's probation.

Accordingly, we affirm.

Affirmed.