NOT DESIGNATED FOR PUBLICATION

No. 127,397

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUEENTAHARRA INGRAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Opinion filed February 14, 2025.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Queentaharra Ingram appeals the revocation of her probation and imposition of a modified prison sentence. She argues the Sedgwick County District Court abused its discretion in its decision to revoke her probation. We granted Ingram's motion for summary disposition of her appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State filed a response but did not contest summary disposition and requested this court affirm the district court's decision.

After Ingram pled guilty to one count of fleeing or eluding a law enforcement officer, a severity level 9 felony, she was sentenced to a suspended 12-month prison term and was then placed on 12 months of supervised probation. At the end of her first

1

probation term, Ingram failed to complete all the ordered conditions, and her probation was extended for 12 months.

About two months later, the State alleged Ingram violated the conditions of her probation. The district court again extended her probation for 12 months after imposing a 3-day jail sanction. About five months later, the State alleged Ingram violated her probation terms. The State alleged Ingram interfered with law enforcement officers.

Indeed, Ingram pled guilty to interfering with law enforcement—by attempting to remove a car from a crime scene with the intent to conceal or alter the evidence—and the district court found her guilty. Following her conviction, Ingram waived her right to an evidentiary hearing for her probation violation. To summarize: Ingram failed to complete her required conditions of probation and committed a new crime.

At her sentencing and probation violation hearing, the district court sentenced Ingram to 18 months in prison with 12 months' postrelease supervision for her new crime. In the same hearing, the district court revoked her probation and ordered her to serve a nine-month jail sentence to be served consecutively to her new sentence. The district court stated it was revoking Ingram's probation because it had already imposed intermediate sanctions and she committed a new crime.

The law that controls this case is well established. Once a probation violation is proved, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In turn we review the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Ingram bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328.

Ingram's felony conviction, coupled with her prior intermediate sanction, authorized the district court to revoke her probation and order her to "serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence that might originally have been imposed," under K.S.A. 22-3716(c)(1)(C). Likewise, K.S.A. 22-3716(c)(7)(C) granted the district court the authority to revoke Ingram's probation because she committed a new felony or misdemeanor while on probation.

Ingram has identified no legal or factual error. Thus, abuse of discretion here will only be found if no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

On appeal, Ingram does not contend the district court's finding but argues the court abused its discretion by revoking her probation and ordering her to serve the modified sentence. But, she does acknowledge the district court has the discretion to revoke probation once a probation violation has been shown.

Ingram fails to support her argument that the district court's decision to revoke her probation was unreasonable. Here, Ingram received a three-day jail sanction by court order for her first probation violation. She also pled guilty to and was convicted of a new felony for interfering with law enforcement. Moreover, the district court imposed a modified sentence of nine months—half of the original underlying sentence term—as Ingram's counsel requested during the probation violation hearing. Ingram fails to show that under these circumstances a reasonable person could not agree that the district court's decision was well within its discretion.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(1)(C) and K.S.A. 22-

3

3716(c)(7)(C) when it revoked Ingram's probation and imposed a modified prison sentence. Therefore—for the preceding reasons—we affirm the district court's ruling

Affirmed.