NOT DESIGNATED FOR PUBLICATION

No. 128,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDI L. ALEXANDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed November 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: Brandi L. Alexander appeals the district court's decision to revoke her probation and impose her entire underlying prison term. This court granted Alexander's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48).

Alexander contends the district court's decision was unreasonable and thus an abuse of its discretion. However, it is undisputed that Alexander failed to comply with the conditions of probation on multiple occasions, including committing a new felony crime during the probation term. The district court gave Alexander more than one opportunity to avail herself of the benefit of probation, but she could not maintain compliance. This

1

court cannot say that no reasonable court would have reached the same result. Thus, Alexander failed to demonstrate that the district court abused its discretion by revoking her probation and imposing the entire underlying prison term.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Alexander pled to one count of aggravated endangering a child, a severity level 9 person felony. On April 14, 2023, after finding Alexander to have a criminal history score of "H," the district court sentenced Alexander to 12 months of probation with an underlying prison term of 8 months in Case No. 21CR1479.

Alexander failed to comply with the terms of probation. On December 15, 2023, the district court imposed a two-day jail sanction after Alexander admitted to violations of her probation conditions and waived her right to a hearing. A few months later on March 29, 2024, the district court found Alexander violated her probation conditions based on her admission or no-contest statement to six violations. As a result, the court added new conditions to the probation, ordered a 3-day jail sanction, and extended the probation for 12 months from March 29, 2024. On April 23, 2024, Alexander served another two-day jail sanction after she admitted to more violations and waived her right to a hearing.

On June 17, 2024, the State alleged Alexander committed multiple additional probation violations, which included:  submission of a drug test positive for methamphetamines and marijuana; admission that she used illegal drugs on May 20, 2024; failure to provide proof of full-time employment; failure to obtain permission before leaving Sedgwick County; and failure to obey the law based on an incident report from the Morris County Sheriff Department from May 24, 2024. Additionally, the State

2

alleged Alexander committed the crime of interference with law enforcement on June 13 based on a report from the Wichita Police Department.

On July 8, 2024, the State alleged Alexander failed another drug test on June 25, and the district court issued a warrant for Alexander's arrest. While in custody after her arrest, Alexander alleged she was sexually assaulted at the county jail. The State alleged that while at the hospital waiting for evaluation related to that allegation, on July 11, Alexander committed the crime of aggravated escape from custody and aggravated burglary when she fled the hospital and ran several blocks away to an unknown residence. Alexander's attorney argued that she ran from the hospital because she became upset due to the alleged sexual assault. Alexander was ultimately located by law enforcement, brought back to jail, and faced charges related to the incident in Case No. 24CR1374.

On October 2, 2024, the district court held a preliminary evidentiary hearing on 24CR1374 and a probation violation hearing in 21CR1479. After hearing testimony from witnesses to the incident on July 11, the district court made a probable cause finding in 24CR1374 as to the offenses of aggravated burglary and aggravated escape from custody. As to 21CR1479, the court determined that the evidence supported a finding that the two felony offenses were committed and that Alexander was in violation of her probation. The court set over the disposition of Alexander's probation until the jury trial in 24CR1374.

Before trial in 24CR1374, Alexander pled guilty to three amended criminal counts:  felony burglary, felony aggravated escape from custody, and misdemeanor battery. Pursuant to the plea agreement, Alexander's conviction in 24CR1374 would result in a probation violation in 21CR1479, and the State would request her probation be revoked and that the underlying sentence be imposed. After accepting Alexander's plea, the district court explained that because Alexander was found guilty of two new felonies

3

while on probation, it found her in violation of her probation in 21CR1479 and revoked her probation. The court again set over the disposition of her probation until sentencing in 24CR1374.

The district court held a hearing to sentence Alexander in 24CR1374 and to address her probation in 21CR1479 on January 7, 2025. As to the sentence for 24CR1374, Alexander requested another chance at probation or, alternatively, a durational departure to 12 months. The district court ultimately sentenced Alexander to a 24-month prison term on the first felony count, 8 months in prison on the second felony count, and 6 months in county jail on the misdemeanor count. The court ordered Alexander to serve the terms concurrently with each other but consecutively to any other case.

After pronouncing Alexander's sentence in 24CR1374, the district court turned to the disposition of her probation in 21CR1479. The State asked the court to impose Alexander's original underlying sentence of 8 months in prison without modification. Alexander asked the court for another opportunity to complete probation or, alternatively, a durational modification to 4 months. The district court ultimately revoked Alexander's probation and imposed the original sentence without modification—8 months in prison with 12 months of postrelease supervision. The district court said it did not believe modification was warranted because it "should not be awarded for having violated and committing new offenses at this point." The district court's journal entry restates the court's decision to revoke Alexander's probation per K.S.A. 22-3716(c)(7) based on her commitment of new crimes per the plea and convictions in 24CR1374.

DISCUSSION

Probation violation proceedings have two stages. First, the district court determines whether the defendant committed a violation, and if a violation is established,

4

the court then imposes an appropriate sanction. *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 1231 (2008). An appellate court reviews a district court's revocation of probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion when its action is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of demonstrating that abuse. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Once a probation violation is established, a district court has discretion to impose an appropriate sanction, including revocation of probation and imposition of the original sentence. *Tafolla*, 315 Kan. at 328. However, courts must generally impose an intermediate sanction before revoking probation unless an exception to intermediate sanctions exists. See K.S.A. 22-3716(c)(2). One such exception permits probation revocation without a prior intermediate sanction when "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 22-3716(c)(7)(C).

Alexander does not claim that the district court erred as a matter of law or fact. Rather, Alexander contends that continued probation or a lesser prison sentence would have better facilitated her rehabilitation, making its decision to revoke and impose the entire underlying sentence unreasonable.

Although the district court had previously imposed intermediate jail sanctions—two days on December 15, 2023; three days on March 29, 2024; and two days on April 23, 2024—the district court explained that it revoked Alexander's probation based on her conviction of new felony crimes in 24CR1374 per K.S.A. 22-3716(c)(7). Unfortunately, the jail sanctions did not deter Alexander from continuing to violate her probation conditions. She continued illegal drug use, failed to provide required documentation or complete assessments, left the county without notice or permission, and violated the law.

Most notably, Alexander committed and was convicted of felony crimes in 24CR1374 while on probation.

When the district court rejected Alexander's request for another chance on probation or a durational decrease in her prison term, it explained that it did "not believe that modification is warranted as it should not be awarded for having violated and committing new offenses at this point." This court cannot say that the district court's decision was unreasonable in these circumstances. Alexander has failed to demonstrate that the district court abused its discretion in revoking her probation and imposing her underlying prison sentence.

Affirmed.