NOT DESIGNATED FOR PUBLICATION

No. 128,981

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ALISA M. ADACHI,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Submitted without oral argument. Opinion filed March 6, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., MALONE and HILL, JJ.

PER CURIAM: Alisa Adachi appeals the district court's decision revoking her probation and ordering her to serve a 45-month prison sentence. We granted Adachi's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After carefully reviewing the record, the arguments in Adachi's motion, and the State's response, we affirm the district court's judgment.

In April 2022, Adachi pleaded guilty to aggravated battery. In exchange for her guilty plea, both parties agreed to recommend that the district court order Adachi to serve probation, with an underlying prison sentence matching the middle range under the Kansas Sentencing Guidelines (here, a 45-month prison term). The parties agreed that

1

this recommendation—which required a dispositional departure from the presumptive prison sentence under the Guidelines—was based on Adachi's "need and willingness to enter into . . . and successfully complete inpatient treatment." At sentencing the district court largely followed this recommendation, ordering Adachi to serve 36 months of probation in lieu of an underlying 45-month prison sentence.

Unfortunately, beginning in the middle of 2024, Adachi repeatedly violated the terms of her probation and committed several crimes. In June 2024, Adachi waived her right to have a hearing and consented to serve a 48-hour jail sanction for a traffic citation and drug use. In December 2024, Adachi admitted that she committed larceny or shoplifting on nine occasions between July 1 and November 10 of that year. The court ordered her to serve a 60-day jail sanction that could be stayed once a bed opened in a residential program; she was released to a residential program 4 days later.

In February 2025, the State moved to revoke Adachi's probation, alleging that she had stolen money from another resident at the residential program earlier that month. At a hearing in March, Adachi again admitted to this violation but urged the court to impose a 3-day jail sanction rather than revoking her probation, or in the alternative to reduce the term of her prison sentence to 23 (rather than 45) months. Adachi noted that she had completed her residential treatment and had remained free from any substance abuse since that completion and emphasized that she had only 5 months remaining of her 36-month probation term. The State pointed to the repeated pattern of thefts that had occurred between July 2024 and February 2025.

After considering these arguments, the district court revoked Adachi's probation. The court reasoned that Adachi had again committed theft and emphasized that she had been originally granted probation as a dispositional departure. The court ordered her to serve the 45-month prison sentence.

Once a probation violation has been established, the district court has discretion to extend a person's probation, impose other sanctions, or revoke that person's probation unless the court is otherwise limited by statute. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it constitutes an abuse of the court's discretion—that is, when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Adachi bears the burden of showing such an error occurred in her case. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012) ("The party asserting an abuse of discretion bears the burden of establishing it.").

Adachi does not argue that the district court committed a legal or factual error when it revoked her probation. Indeed, there is no question that the court had the legal authority to revoke Adachi's probation here. See K.S.A. 22-3716(c)(7)(B) (district court has discretion to revoke probation when the probation was granted as a result of a dispositional departure); K.S.A. 22-3716(c)(7)(C) (district court may revoke probation after the commission of a new crime). Instead, she argues that the decision was unreasonable under these facts. We disagree.

At the previous hearing on Adachi's probation violations in December 2024, the district court warned Adachi that she must take her addiction treatment seriously and "remember moving forward this was a presumptive prison sentence." The court granted Adachi an intermediate sanction rather than revoking probation at that point but counseled her that she must not have any more violations. At the next hearing three months later, the court expressed concern that Adachi had shown a pattern of committing larceny, shoplifting, and theft. Under these facts, it was reasonable for the court to determine probation was not serving its rehabilitative goal and revoke Adachi's probation. We affirm the district court's judgment.

Affirmed.