NOT DESIGNATED FOR PUBLICATION

No. 129,685

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LESLIE AARON HUTSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Leslie Aaron Hutson appeals the district court's order revoking her probation and imposing a modified prison sentence. We granted her motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After reviewing the record and the arguments in Hutson's motion and the State's response, we affirm the district court's decision to revoke her probation and impose a modified sentence.

1

In December 2023, Hutson agreed to plead guilty to one count of felony possession of methamphetamine. In exchange, the State dismissed several other misdemeanor drug possession charges and driving-related offenses. The district court judge accepted Hutson's plea after confirming it was made knowingly and voluntarily, that Hutson understood the nature of the charge and the resulting consequences, and that there was a sufficient factual basis for the conviction. The same district court judge presided both at sentencing and the probation disposition hearings that occurred later in this case.

Hutson's criminal history score of H placed her in a presumptive probation box on the sentencing grid with an underlying prison sentence range of 12, 13, or 14 months. She was also eligible for mandatory drug treatment under K.S.A. 21-6824, informally known as SB 123 treatment. Thus, at sentencing in March 2024, the district court imposed an underlying 13-month prison sentence and placed Hutson on probation for 18 months with directions to complete the statutorily mandated drug abuse treatment.

In October 2024, Hutson signed a written waiver of her right to a probation violation hearing, admitting that she violated the terms and conditions of her probation after being administratively discharged from SB 123 treatment for violating her attendance contract. Although she agreed to accept a two-day jail sanction from her intensive supervision officer (ISO), Hutson failed to report to jail and was ultimately arrested on a bench warrant ordered by the court. After her arrest, Hutson posted a professional surety bond to appear at a hearing in November 2024, which led to another bench warrant and order of bond forfeiture when she failed to appear.

After the warrant was served in early February 2025, Hutson remained in jail for about a month until a hearing in March 2025. At that hearing, she verbally stipulated to

violating the terms of her probation by failing to complete her SB 123 treatment obligations. The district court imposed a three-day jail sanction and reinstated probation with the added condition to reengage in and complete SB 123 treatment.

In April 2025, Hutson was arrested on a bench warrant for several alleged violations of her probation conditions, including: a new arrest in Oklahoma on drug possession charges, leaving the state without permission from her ISO, failing to reengage in SB 123 treatment, and violating her curfew. Hutson posted another professional surety bond to appear at a probation violation hearing in May 2025.

The district court took up the alleged probation violations at the May 2025 hearing, noting first that Hutson was appearing remotely by Zoom. Hutson partially stipulated to violating her probation, admitting that she left the state without permission, was arrested in Oklahoma, was out past her curfew, and had not engaged in SB 123 treatment at the time of the issuance of the bench warrant. According to Hutson's counsel, however, she had told him that she was back in the SB 123 treatment program as of the date of the hearing. The court found that Hutson had violated her probation and agreed to continue the hearing until later in the day so that Hutson could appear in person for disposition. When Hutson failed to appear before the end of the day, the court ordered another bench warrant for her arrest and bond forfeiture.

Hutson was arrested on the warrant months later in August 2025 and remained in jail until the disposition hearing that occurred the following month. The State recommended the district court revoke Hutson's probation and order her to serve the underlying sentence. Hutson's counsel said he had not spoken with her since she was taken into custody in August. Hutson explained that she had difficulty finding transportation for the May hearing and arrived after the court had closed that day, which was confirmed by an officer present at the hearing. Hutson said she had not contacted her probation officer in the three months after the May hearing because she was afraid and

3

did not know what would happen. She wanted the chance to "do better" and complete inpatient treatment.

The district court revoked Hutson's probation, finding "that there has been deliberate noncompliance" with the terms and conditions of her probation, due to having failed to participate in SB 123 treatment as contemplated at sentencing. The court, however, ordered Hutson to serve a modified prison sentence of 12 months with jail credit for any time previously served.

Hutson now appeals.

ANALYSIS

Hutson argues the district court abused its discretion when it revoked her probation and imposed a modified sentence rather than imposing an intermediate sanction and reinstating probation.

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Here, Hutson stipulated to several technical violations of the terms of her probation, so only the district court's probation disposition is at issue in this appeal.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting the district court abused its discretion, Hutson bears the burden of establishing such abuse. *State v. Keys,* 315 Kan. 690, 708, 510 P.3d 706 (2022).

4

When a person violates the terms of their probation, a district court ordinarily must first impose intermediate jail sanctions before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). In addition, Hutson was required to participate in mandatory drug treatment under K.S.A. 21-6824 as a condition of her probation. If an offender subject to such treatment "fails to participate in or has a pattern of intentional conduct that demonstrates the defendant's refusal to comply with or participate in the treatment program, as established by judicial finding, the defendant shall be subject to sanction or revocation pursuant to the provisions of K.S.A. 22-3716." K.S.A. 21-6604(n)(2).

Hutson recognizes that the district court had already imposed a three-day jail sanction at a hearing in March 2025 based on her admitted probation violations in the preceding months before the hearing, which included her failure to participate in the mandatory drug treatment as ordered. We also note that the record shows Hutson previously agreed to serve a two-day sanction ordered by her ISO based on the same alleged violations, yet she never served that sanction because she did not report to jail as directed. In any event, the court-ordered sanction satisfies the statutory requirement, meaning the district court had the legal authority to revoke her probation at the most recent hearing based on her newly admitted probation violations.

Hutson asserts no legal or factual errors, claiming only that the district court acted unreasonably by revoking her probation based on technical violations given that she had a terrible drug addiction that could be better treated through inpatient treatment outside of prison. While it is undisputed that Hutson only committed technical violations of her probation conditions, the nature of those violations collectively showed a pattern of intentional conduct on her part that demonstrates her failure or refusal to comply with her probation conditions. Of particular note is her failure to participate in mandatory drug treatment as directed by the court. We simply cannot conclude from the record before us

that the district court abused its discretion by revoking Hutson's probation and ordering her to serve a modified prison sentence.

Affirmed.