NOT DESIGNATED FOR PUBLICATION

Nos. 127,535
127,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES E. RAYTON JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed January 31, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Charles E. Rayton Jr. appeals the district court's revocation of his probation, alleging that the district court abused its discretion by imposing his underlying prison sentences. Rayton moved for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), and we granted him leave to proceed without briefing. Finding no error, we affirm the district court's decision.

Rayton pleaded no contest in two cases to two counts of aggravated assault on a law enforcement officer and one count of battery against a law enforcement officer. The State's complaint alleged that Rayton committed these crimes in April 2022. Because Rayton's criminal history score was A and special rules applied in both cases, he faced

1

presumptive prison sentences. But the district court found that Rayton's previous crimes were largely linked to his mental health, including his diagnosed schizophrenia, and granted dispositional departures in both cases. The district court ordered consecutive terms of 43, 32, and 11 months in prison but granted Rayton 24 months' probation for his aggravated assault crimes and 12 months' probation for the battery.

About three months after sentencing, Rayton's probation officer filed an affidavit alleging that Rayton had violated his probation. It alleged that Rayton had committed new crimes and had failed to report to his probation officer, to inform his probation officer of his address, to follow his mental health center's directives, and to take his prescribed medications. The State moved to revoke Rayton's probation, and the district court held a hearing on the matter.

The district court then found by a preponderance of the evidence that Rayton had violated his probation as alleged in the affidavit. The district court found that intermediate sanctions were not required because Rayton had received dispositional departures and had committed new crimes. The district court thus revoked his probation and ordered him to serve his underlying prison sentences, totaling 86 months, and 24 months of postrelease supervision. Rayton timely appeals. We consolidated the two cases for our appellate review.

Rayton argues solely that the district court erred by revoking his probation and sending him to prison rather than giving him another chance on probation. Rayton acknowledges, however, that he violated the terms of his probation and received probation as the result of the dispositional departures.

Generally, once a probation violation has been established, the district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c)

2

(requiring graduated sanctions before revocation in some cases). In exercising its discretion, the district court must act within the statutory framework enacted by the Kansas Legislature. See K.S.A. 22-3716. Judicial discretion is abused only if the act: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting that the district court abused its discretion bears the burden of showing such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Because Rayton had been granted probation as the result of the district court's dispositional departures at sentencing, the district court was not required to impose an intermediate sanction before revoking his probation. See K.S.A. 22-3716(c)(7)(B) (district court may bypass sanctions and revoke probation if probation was originally granted as result of dispositional departure granted by sentencing court). The district court also correctly found revocation appropriate because Rayton had committed new crimes. See K.S.A. 22-3716(c)(7)(C) (district court may bypass sanctions and revoke probation if offender commits new felony or misdemeanor while offender is on probation). Also, K.S.A. 22-3716(b)(3)(B)(iii) allows a district court to order a defendant to serve their original sentence or "any lesser sentence" upon revocation. The district court thus made no error of fact or law in revoking Rayton's probation.

Still, Rayton asserts that the district court's revocation resulted from an abuse of discretion. Relying on his statements at the revocation hearing, Rayton asserts:

- He struggles with profound mental health issues and his efforts to rehabilitate will not be aided by serving a lengthy prison term;
- he can remain compliant on probation if he takes his medication and continues to receive services from his mental health center; and
- he wants to be a productive member of society and return to a job that he previously held at a restaurant.

3

Yet the record also shows that the district court had given Rayton a significant opportunity to avoid prison and had accounted for his mental health. But Rayton failed to comply with the terms of his probation, including that he take his prescribed medications and follow directives given by his mental health facility. We thus find no indication that the district court acted arbitrarily, fancifully, or unreasonably in revoking Rayton's probation. Because Rayton fails to show that the district court abused its discretion, we affirm its judgment revoking Rayton's probation and imposing his underlying sentences.

Affirmed.