NOT DESIGNATED FOR PUBLICATION

No. 127,212

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY W. RUDDICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Cody W. Ruddick timely appeals from the district court's decision to revoke his probation and impose his underlying imprisonment. We granted Ruddick's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond to Ruddick's motion. After careful review of the record, we find no abuse of discretion by the district court; thus, we affirm its decision to revoke Ruddick's probation but remand to correct a clerical error in the journal entry of probation violation hearing.

1

FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, Ruddick pled guilty to one count of felony theft for acts committed in October 2020. The district court imposed a total controlling sentence of 12 months' imprisonment, suspended to 12 months' supervised probation.

Ruddick's probation did not go well. Just a few months after being placed on probation, the State moved to revoke Ruddick's probation. Ruddick did not contest the allegations, and the district court extended Ruddick's probation for 18 months.

In January 2023, the State filed another motion to revoke probation, alleging multiple violations. Ruddick stipulated to the violations as alleged by the State, explicitly acknowledging they were true. The district court ordered Ruddick to serve a 60-day jail sanction and extended his probation for an additional 18 months.

In July 2023, the State filed its third motion to revoke probation, alleging: (1) Ruddick was discharged from in-patient drug treatment in June 2023 for noncompliant behavior; (2) Ruddick failed to report as directed for five urinalysis tests between April and May 2023; (3) Ruddick tested positive for methamphetamine three times between April and May 2023; and (4) Ruddick left the state without permission in July 2023. In August 2023, the State filed an amended motion to revoke probation, adding an allegation that Ruddick committed a new crime.

At the hearing on the motion to revoke probation, all the evidence presented related to whether Ruddick committed a new crime. Specifically, the State called two employees of an agricultural cooperative in Haven and the Chief of the Haven Police Department to testify regarding Ruddick's unauthorized use of a fuel card at the cooperative. Ruddick had fueled several containers on a vehicle that did not belong to the cooperative on June 1, 2023. In total, this amounted to over $5,000 worth of fuel. He did

this using a fuel card assigned to a different vehicle owned by the cooperative. Ruddick was not an employee of the cooperative at that time and was not authorized to use the fuel card. However, Ruddick had previously been an employee at the cooperative's office in Groveland but was terminated in November 2022. The vehicle to which the card was assigned was from the Groveland office. Further investigation revealed multiple unauthorized uses of the fuel card between November 27, 2022, and June 1, 2023, totaling over $28,000.

Ruddick testified on his own behalf. He said he was employed by the cooperative for approximately one week in November 2022. He denied ever being issued a fuel card or having access to one. Ruddick admitted he had been at the Haven location on June 1, 2023, and fueled up his personal vehicle, although he was not asked and did not say whether or how he paid for the fuel. But Ruddick specifically denied filling any containers on the vehicle.

The district court found Ruddick violated his probation by committing new crimes of felony theft of fuel and unauthorized use of a debit card. Ruddick did not stipulate to any of the remaining allegations in the State's amended motion to revoke, and no additional evidence was presented. The district court revoked his probation and ordered him to serve his underlying prison sentence. In its journal entry of probation revocation, the district court marked the reasons for revocation as the commission of new crimes and absconding from probation. However, no evidence was presented reflecting Ruddick absconded.

ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before

3

revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Ruddick bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Ruddick acknowledges the district court was not required to impose intermediate sanctions before revoking his probation based on his commission of new crimes. See K.S.A. 2020 Supp. 22-3716(c)(7)(C). Ruddick identifies no error of fact or law underlying the district court's conclusion. He does not dispute the district court found he violated the terms of his probation and acknowledges it had the authority to revoke his probation. We observe no abuse of discretion as the district court's decision reflects a reasonable exercise of its authority to revoke Ruddick's probation.

However, we agree with Ruddick's argument there was no evidence presented he absconded from probation. The district court erred in marking the box denoting a finding of absconding on the journal entry of probation revocation. The district court did not make a finding at the revocation hearing that Ruddick absconded, and the State presented no evidence to support a finding Ruddick absconded. Therefore, we remand to the district court to enter a nunc pro tunc journal entry reflecting there was no finding Ruddick absconded from probation.

Affirmed and remanded with directions.