NOT DESIGNATED FOR PUBLICATION

No. 127,545

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMANDA RAE RUTHERFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Amanda Rae Rutherford appeals the revocation of her probation and imposition of her prison sentence, arguing the Dickinson County District Court abused its discretion when deciding to revoke her probation. We granted Rutherford's motion for summary disposition of her appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) absent a response by the State. Finding no abuse of discretion by the district court, we affirm.

On November 4, 2020, Rutherford pleaded no contest to one count of theft, a severity level 9 nonperson felony, and one count of computer crime, a severity level 8 nonperson felony, for crimes committed in October 2019. On January 6, 2021, the district

1

court sentenced Rutherford to a total of 18 months in prison but suspended the prison sentence for an award of 18 months of supervised probation.

About five months later, the State alleged Rutherford violated the conditions of her probation and moved to revoke her probation. Two months later, while awaiting a revocation hearing due to continuances for illness, the State again claimed Rutherford violated the conditions of her probation and filed an addendum to its earlier affidavit supporting its motion to revoke. About a month later, the district court held a probation revocation hearing during which Rutherford stipulated to the violation of her probation conditions as alleged in the motion and addendum. The district court revoked her probation but reinstated her probation for 18 months under the original terms and conditions after imposing a 6-day jail sanction.

Three months later, the State filed a new motion claiming Rutherford again violated her probation terms. At the following probation revocation hearing, Rutherford stipulated to the violations, including failing to obtain a drug and alcohol evaluation, failing to comply with program rules, including testing positive for alcohol, and failing to be honest with her intensive supervision officer (ISO). The district court again revoked her probation, then reinstated probation for 18 months under the original terms and conditions, and imposed a 30-day jail sanction, which it later modified to 29 days.

About a year later, the State moved to revoke Rutherford's probation for the third time, alleging she committed a new crime and violated multiple conditions of her probation. At the conclusion of the probation violation hearing held on this third motion, the district court found that Rutherford violated the terms and conditions of her probation by failing to remain crime free, failing to report to her ISO for an extended time, and failing to participate in treatment services. The district court found Rutherford was not amenable to probation and that it would not be in the public's best interest to continue her

probation. The court revoked Rutherford's probation and ordered her to serve her prison sentence without any modifications. Rutherford timely appeals.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In turn we review the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Rutherford bears the burden of establishing such an abuse. See 315 Kan. at 328.

Here, the district court had dual legal bases for revoking Rutherford's probation. Both Rutherford's commission of a new crime and her prior intermediate sanctions authorized the district court to revoke her probation. First, K.S.A. 22-3716(c)(7)(C) granted the district court the authority to revoke Rutherford's probation because she committed a new felony or misdemeanor while on probation. And, because the district court had previously imposed intermediate sanctions on Rutherford by levying jail time and continuing her probation, the district court was authorized to revoke her probation and order her to serve her originally imposed sentence under K.S.A. 22-3716(c)(1)(C).

For these reasons, Rutherford has identified no legal or factual error in the district court's decision. In fact, she concedes the district court had statutory authority to impose the underlying prison sentence since she violated her probation conditions by committing a new crime. So, an abuse of discretion here will only be found if no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Instead, Rutherford argues the court abused its discretion by revoking her probation and ordering her to serve her sentence rather than giving her another chance at probation. She contends had the district court granted her another opportunity she would have been able to address her underlying mental health problems through inpatient treatment so that she could be a grandmother to her new grandchild.

But Rutherford fails to support her argument that the district court's decision to revoke her probation was unreasonably harsh due to her mental health issues. For over two years, Rutherford was provided ample opportunities to complete probation, but she was unable or unwilling to comply with the terms and conditions of probation. She fails to show that she could not have begun treatment for her mental health conditions during that time, or why a reasonable person would not agree with the district court's determination, given Rutherford's history of failing to comply with the requirements of her probation, including not completing the treatment programs she was already required to complete.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(1)(C) and K.S.A. 22-3716(c)(7)(C) when it revoked Rutherford's probation and imposed her original prison sentence.

Affirmed.