NOT DESIGNATED FOR PUBLICATION

No. 127,360

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

YVONNE MARIE GRACIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; CHRISTOPHER SANDERS, judge. Opinion filed April 25, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HURST, P.J., MALONE and COBLE, JJ.

PER CURIAM: Yvonne Marie Gracia appeals the revocation of her probation and imposition of her underlying prison sentence. She argues the Finney County District Court abused its discretion in its decision to revoke her probation. We granted Gracia's motion for summary disposition of her appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) without an objection by the State. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, Gracia was charged with one count of possession of fentanyl, one count of possession of methamphetamine, one count of possession of marijuana, and one

count of possession of drug paraphernalia. She pleaded no contest to one count of possession of methamphetamine and in exchange, the State agreed to dismiss the remaining charges.

Gracia moved for a dispositional departure sentence and asked the district court to grant her probation. The district court granted her departure motion, sentencing her to 42 months in prison but suspending that sentence for an award of 18 months of probation with drug treatment.

About five months later, the State alleged Gracia violated 13 conditions of her probation and moved to revoke. The violations included admissions of numerous instances of methamphetamine and marijuana use, failure to report to her intensive supervision officer (ISO), failure to complete outpatient treatment, and other technical violations. Gracia waived her right to an evidentiary hearing and admitted to the violations of her probation terms. The district court revoked her probation and imposed her prison sentence of 42 months without any modifications.

Gracia timely appeals.

## ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In turn, we review the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Gracia bears the burden of establishing such an abuse. 315 Kan. at 328.

2

First, the fact that her original sentence resulted from a dispositional departure gave the district court a legal basis for revoking Gracia's probation. Under K.S.A. 22-3716(c)(7)(B), a district court may revoke probation and impose the underlying sentence without imposing prior intermediate sanctions if the probation was originally granted as a dispositional sentencing departure.

And, although Gracia argues the district court abused its discretion by failing to modify her sentence at the probation revocation hearing, the transcript of the hearing reveals that Gracia never requested a sentence modification when the district court revoked her probation. The district court need not consider a sentence modification at a probation revocation hearing when it is not requested. *State v. Reeves*, 54 Kan. App. 2d 644, 647, 403 P.3d 655 (2017).

So, Gracia has identified no legal or factual error in the district court's decision to revoke her probation. In fact, she concedes the district court had statutory authority to impose the original prison sentence because the probation resulted from a dispositional departure. An abuse of discretion here will only be found if no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Gracia argues the district court abused its discretion by revoking her probation and ordering her to serve the sentence rather than giving her another opportunity to complete her probation. But Gracia provides no support for her argument that the district court's decision to revoke her probation was unreasonable. Here, she was granted probation as an act of leniency by the district court resulting from a dispositional departure. As the judge articulated during the probation violation hearing, Gracia's criminal history renders her fully accountable for her noncompliance with the probation terms.

Gracia was provided the opportunity to serve her time without confinement by complying with the terms and conditions of her probation. Yet she ultimately forfeited that chance by amassing at least 13 violations of her probation terms. Gracia admitted to repeated use of methamphetamine and marijuana on multiple occasions and failed to complete outpatient treatment. Moreover, Gracia failed to meet the most basic requirements of her probation, including paying court-ordered fees, reporting to her ISO, and adhering to her curfew. Gracia has failed to show how she could have benefited from remaining on probation, or that a reasonable person could not agree with the district court's determination considering the blatant multiple violations of her probation terms— including her recurrent failures to restrain from drug use despite the court-ordered drug treatment.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(7)(B) when it revoked Gracia's probation and imposed the underlying prison sentence. For the preceding reasons, we affirm the district court's ruling.

Affirmed.