NOT DESIGNATED FOR PUBLICATION

No. 127,826

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL E. BREASHERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Opinion filed June 6, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., CLINE and COBLE, JJ.

PER CURIAM: Daniel E. Breashers appeals the revocation of his probation and imposition of his underlying prison sentence. He argues the Shawnee County District Court abused its discretion in its decision to revoke his probation. We granted Breashers' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) without objection by the State. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2022, Breashers was charged with one count of aggravated domestic battery and one count of domestic battery in Shawnee County District Court case No. 22-

1

CR-615. He pleaded guilty to one count of aggravated domestic battery and in exchange, the State agreed to dismiss the second charge. On May 25, 2022, the district court sentenced Breashers to 16 months in prison, but the district court suspended the execution of the sentence and awarded him 24 months of probation.

About a month later, the State sought an order to show cause why probation should not be revoked, alleging that Breashers committed new offenses. At the show cause hearing, the district court found Breashers in violation of the terms and conditions of his probation. Breashers represented himself during the hearing and admitted to violating his probation terms. Breashers stipulated to violating his probation by failing to remain law-abiding. The district court imposed a three-day jail sanction and then reaffirmed his probation subject to the original conditions.

Three months after the first violation hearing, the State again moved to revoke Breashers' probation. The State alleged he again violated the terms of his probation by committing new crimes. At a hearing combining his probation revocation in this case and a preliminary hearing in his new offense case, the district court found Breashers violated the conditions of his probation by failing to remain law-abiding and committing the new offenses of rape, aggravated burglary, and aggravated battery. Sentencing on his probation violation was deferred until the resolution of the new offenses. During the sentencing hearing for Breashers' probation violation, held on November 3, 2023, the district court revoked his probation and imposed the original sentence of 16 months in prison.

Breashers timely appeals.

THE REVOCATION OF BREASHERS' PROBATION WAS REASONABLE

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). In turn, we review the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Breashers bears the burden of establishing such an abuse. 315 Kan. at 328.

Here, the district court had dual legal bases for revoking Breashers' probation, which he acknowledges in his motion for summary disposition: his commission of a new crime and his prior intermediate sanction. First, K.S.A. 22-3716(c)(7)(C) authorizes the district court to revoke Breashers' probation because he committed a new felony or misdemeanor while on probation. Also, K.S.A. 22-3716(c)(1)(C) grants the district court authority to revoke Breashers' probation and impose his original prison sentence because the court previously imposed an intermediate jail sanction for his prior violation.

For these reasons, Breashers has identified no legal or factual error in the district court's decision to revoke his probation. In fact, he concedes the district court had statutory authority to impose the original prison sentence. So, an abuse of discretion will only be found if no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

In his summary disposition motion, Breashers simply argues the district court abused its discretion by revoking his probation and ordering him to serve the sentence under his current personal circumstances, citing to the motion for departure he filed before the district court sentenced him on his rape, aggravated battery, and lewd and

3

lascivious behavior convictions, at the same hearing during which he was sentenced on his final probation violations. Apparently, Breashers claimed in his departure motion to have had plans for rehabilitation or reformation, and professed to have learned his lesson. Although the district court had the discretion to revoke his probation, it also could have imposed additional jail sanctions and allowed him to remain on probation.

But Breashers provides no support for his argument that the district court's decision to revoke his probation was unreasonable. Here, Breashers initially received presumptive probation and was afforded the opportunity to finish his sentence without confinement by complying with the terms and conditions of his probation. Yet he forfeited that chance by committing multiple new offenses in violation of his probation terms. During his first probation violation hearing, Breashers admitted to committing two batteries, making a criminal threat, disorderly conduct, and interfering with law enforcement officers. After he was given sanctions for that behavior, but then reinstated to probation, he committed new criminal offenses. He was then found guilty of rape, aggravated battery, and lewd and lascivious behavior in the new criminal case. It is not unreasonable, then, for the district court to determine that Breashers would not be successful on continued probation.

In addition to his failure to remain law-abiding, his actions in the courtroom further demonstrated his lack of respect for the legal process. A review of the record reveals Breshears demonstrated repeated disinterest in, verging on disrespect for, the district court and its proceedings. During one hearing, he spoke over the judge, saying, "I'm done with everything. Take me back to my cell," and during another, he refused to stand and would not respond to the court's questions. This behavior is not, in and of itself, a basis for revocation, but does reflect Breashers' general unwillingness to abide by the rules and orders of the court.

Breashers fails to show that a reasonable person could not agree with the district court's determination. Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(7)(C) when it revoked Breashers' probation and imposed the original prison sentence. For the preceding reasons, we affirm the district court's ruling.

Affirmed.