NOT DESIGNATED FOR PUBLICATION

Nos. 128,308
128,309
128,310
128,332

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIANNA GALE SURAUD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed September 26, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: In this consolidated appeal, Brianna Gale Suraud appeals the decision of the district court revoking her probation in four cases and ordering her to serve her underlying sentences. Suraud moved for summary disposition of her consolidated appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. After considering the matter, we conclude that the district court did not abuse its discretion in revoking Suraud's probation or by ordering her to serve her prison sentences.

1

FACTS

On September 20, 2021, Suraud pled guilty to possession of heroin and two counts of identity theft in case No. 21CR1423. The district court sentenced her to 40 months in prison. But the district court granted Suraud's motion for a dispositional departure and placed her on probation for 18 months.

On that same date, Suraud pled guilty to possession of methamphetamine in case No. 21CR2582. The district court sentenced her to 22 months to run consecutive to the sentence in case No. 21CR1423. Again, the district court granted her motion for a dispositional departure and placed her on probation for 18 months.

On January 12, 2022, Suraud pled guilty to two counts of distribution of methamphetamine near a school in case No. 21CR2835. The district court sentenced her to 170 months in prison to run consecutive to her sentences in case Nos. 21CR1423 and 21CR2582. Yet again, the district court granted her motion for a dispositional departure. The district court placed her on probation for 36 months.

On December 21, 2023, while still on probation in her other cases, Suraud pled guilty to aggravated escape in case No. 23CR1915. The district court sentenced her to 14 months in prison and ordered the sentence to run consecutive to the sentences in case Nos. 21CR1423, 21CR2582, and 21CR2835. Once again, the district court placed her on probation for a period of 18 months.

Unfortunately, Suraud had difficulty abiding by the terms of her probation. As a result, her probation was revoked and reinstated at least three times in case Nos. 21CR1423, 21CR2582, and 21CR2835. It was also revoked and reinstated once in case No. 23CR1915. Moreover, the district court ordered Suraud to serve intermediate

sanctions in all four cases on August 2, 2024. Just 17 days later, the State moved to revoke her probation in all four cases for failing to complete drug treatment as ordered.

At her revocation hearing on all four cases, Suraud admitted to violating the terms of her probation as alleged by the State. Furthermore, she did not request an extension of her probation or a modification of her sentences. Ultimately, the district court revoked Suraud's probation in each case and ordered her to serve her underlying prison sentences.

ANALYSIS

On appeal, Suraud contends the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentences. But she provides no reason for her assertion other than pointing to the length and severity of her underlying sentences. Although the ramifications of her repeated failures to comply with the terms of her probation are consequential, we find nothing in the record to suggest that the district court abused its discretion.

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established that a probation violation has occurred, the decision whether to revoke probation rests in the sound discretion of the district court unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion only if it is arbitrary, fanciful, unreasonable, or based on an error of fact or law. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party alleging that the district court erred—in this case Suraud—has the burden of proving an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Here, Suraud does not contend that the district court's action was based on an error of fact or law. Moreover, it is undisputed that the district court had already imposed an

3

intermediate sanction as required by K.S.A. 22-3716(c)(1). In addition, Suraud makes no argument that the district court made an error of law or a mistake of fact. So, the only question before us is whether the district court's decision is arbitrary, fanciful, or unreasonable.

A review of the record reveals that Suraud admitted to violating the terms of her probation by failing to complete drug treatment as ordered by the district court. It also reveals that this was at least the fourth time that Suraud had violated the terms of her probation. It also appears that her attorney did not request a continuation of the probation or a modification of her sentences. Of course, the reason her sentences are so long is primarily a result of her criminal history combined with her two level 1 felony convictions for distribution of methamphetamine near a school.

Under these circumstances, we do not find that the district court acted arbitrarily, fancifully, or unreasonably. Likewise, it is not our role to replace our judgment for that of the district court. Accordingly, we conclude that the district court did not abuse its discretion in revoking Suraud's probation or requiring her to serve her underlying prison sentences.

Affirmed.