NOT DESIGNATED FOR PUBLICATION

No. 128,995

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN I. CAMPOS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 7, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Brian I. Campos appeals the district court's revocation of his probation and imposition of his underlying prison sentence based on his commission of new crimes. We granted Campos' motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State responded and did not oppose summary disposition. After review, we affirm the district court.

In May 2024, the State charged Campos with committing two crimes in September 2023: criminal possession of a weapon by a convicted felon and driving under the influence. Campos pled guilty to both counts. The district court sentenced Campos to nine months' imprisonment for criminal possession of a weapon by a convicted felon and

1

six months in jail for driving under the influence. The district court ran the sentences concurrent, suspended the sentences, and placed Campos on probation for 18 months.

Less than a month after sentencing, Campos was charged with criminal discharge of a firearm and criminal possession of a weapon for actions that occurred while he was on probation. Campos waived his right to an evidentiary hearing on the probation violations and pled no contest to the violations. The district court set disposition of the probation violation over for four weeks.

At the probation violation disposition hearing, the district court revoked Campos' probation and imposed the underlying sentences, finding Campos had committed a new crime while on probation.

Campos timely appealed.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action is an abuse of discretion if it "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

Campos argues the district court erred when it revoked his probation and imposed his underlying sentences instead of reinstating probation following an intermediate sanction. He asserts he was employed, had completed drug and alcohol treatment, and had completed an anger management evaluation. But the district court may revoke probation and impose the underlying sentence without imposing an intermediate sanction when the offender commits a new crime while on probation. K.S.A. 22-3716(c)(7)(C).

Campos, moreover, does not contest the probation violations. Those violations, which occurred less than a month after sentencing, also involved criminal possession of a weapon by a felon—his original crime of conviction. In this case, the district court was not required to impose an intermediate sanction because Campos committed a new crime while on probation.

Here, the district court's decision was not arbitrary, fanciful, or unreasonable as reasonable people could agree with the district court's revocation of Campos' probation. The decision to revoke probation and impose the underlying sentences instead of imposing intermediate sanctions was not based on an error of fact or an error of law. We cannot say the district court abused its discretion.

Affirmed.