NOT DESIGNATED FOR PUBLICATION

No. 128,643

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SUMMAR D. VANBUREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; CAREY L. HIPP, judge. Opinion filed November 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.

PER CURIAM: Summar D. VanBuren appeals the district court's revocation of her probation and imposition of her underlying prison term. We granted VanBuren's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), and the State did not respond.

After reviewing the record, we find that the district court did not commit an error of fact or law and that its decision was reasonable. Finding no abuse of discretion by the district court, we affirm its decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2023, Summar VanBuren entered an *Alford* plea to one count of interference with the judicial process for acts she committed in November 2022. The district court sentenced VanBuren to a 12-month prison term but suspended that sentence and placed VanBuren on probation for 18 months.

VanBuren did not do well on probation. Within a few months of her sentencing, the district court filed an arrest warrant alleging that VanBuren violated her probation conditions. Listed among the violations were failure to return to Sedgwick County, failure to remain drug-free, failure to enter inpatient substance use treatment, and failure to report as directed. In April 2024, VanBuren stipulated to the alleged violations of failing to report and failing to enter inpatient substance use treatment. As a result, the court ordered her to serve a four-day jail sanction and gave VanBuren credit for time served.

Later that same month, VanBuren's intensive supervision officer (ISO) filed an affidavit alleging additional probation violations, including failing to report as directed, failing to enter into treatment as directed, as well as failing to remain drug-free. VanBuren requested an evidentiary hearing on those alleged probation violations. In July 2024, the district court held an evidentiary hearing and at the hearing's conclusion, found that VanBuren violated her probation as to her failure to remain drug-free and failure to enter treatment and imposed a 60-day jail sanction with credit for time served.

In October 2024, the ISO accused VanBuren of further probation violations, including failure to report, failure to remain drug-free, failure to complete a risk needs assessment, and failure to obtain approval before traveling to an unauthorized location.

The next month, VanBuren waived an evidentiary hearing and admitted to the violations. Given this was her third probation violation hearing, Community Corrections recommended revocation of VanBuren's probation, and the State argued for the same. VanBuren asked that the Court impose a jail sanction, then after completion of her jail term, extend her term of probation to 18 months, with the condition that she reside in a sober living program. After considering the parties' arguments, the district court thoroughly explained that it did not believe VanBuren was "actively pursuing the options and the alternatives at treatment" that had been provided to her. The court ultimately revoked VanBuren's probation and required her to serve her underlying prison sentence.

VanBuren timely appeals.

## DISCUSSION

On appeal, VanBuren maintains the district court erred by revoking her probation because her individual circumstances demonstrated that a sober living environment would best serve her interests in rehabilitation. We review a district court's decision to revoke probation for abuse of discretion. *State v. Bennett*, 36 Kan. App. 2d 381, 384, 138 P.3d 1284 (2006).

K.S.A. 22-3716 governs the procedure for revoking an offender's probation. Generally, once the State has established that a probation violation has occurred, the decision whether to revoke probation rests in the sound discretion of the district court unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion only if it is arbitrary, fanciful, unreasonable, or based on an error of fact or law. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party alleging that the district court erred—in this case, VanBuren—has the burden of proving an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

3

Here, VanBuren does not argue that the district court's action was based on an error of fact or law. Additionally, it is undisputed that the district court had already imposed an intermediate sanction as required by K.S.A. 22-3716(c)(1). The only question before us, then, is whether the district court's decision was arbitrary, fanciful, or unreasonable.

The district court concluded that VanBuren was not a good candidate for probation, and the record supports that conclusion. VanBuren committed a multitude of violations very soon after her probation term began. These violations included failure in reporting to her ISO and failure to enter treatment. VanBuren was again found to have violated her conditions of probation soon afterward, and for many of the same reasons. She persisted in not entering treatment and continued to test positive for drugs. Although VanBuren received jail sanctions on two occasions, she violated her probation for a third time in similar ways, with additional violations—failing to complete a risk needs assessment and unauthorized travel—tacked on.

It is apparent from the record that VanBuren was either unwilling or unable to make the terms and conditions of her probation a priority, even after receiving wake-up calls in the form of two different jail sanctions. Considering this was her third set of violations, we cannot conclude that the district court's revocation of VanBuren's probation was a decision with which no reasonable person could agree, under these circumstances. For these reasons, the district court did not abuse its discretion by revoking VanBuren's probation and ordering her to serve her underlying sentence.

Affirmed.

4