NOT DESIGNATED FOR PUBLICATION

No. 128,927

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY W. SCOGIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; QUENTIN PITTMAN, judge. Opinion filed December 12, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Zachary W. Scogin, after admitting he committed new crimes at his second probation revocation hearing, now timely appeals the district court's revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State responded and did not contest summary disposition. Finding no abuse of discretion by the district court, we affirm.

In May 2024, Scogin pled guilty to one count of theft, a severity level 9 nonperson felony. At the sentencing hearing, the district court sentenced Scogin to a term of 11 months' imprisonment, with 12 months of postrelease supervision, and then granted him supervised probation for 12 months. Probation did not go well.

1

In November 2024, Scogin admitted to violating the terms of his probation by failing to report to his intensive supervision officer (ISO) as directed, failing to provide proof he obtained a drug and alcohol evaluation, failing to provide proof he attended a theft class, and failing to provide proof he obtained a mental health evaluation. The district court found Scogin had violated the terms of his probation and ordered Scogin to serve a three-day jail sanction with credit for time served.

In February 2025, Scogin again admitted to violating the terms of his probation as he failed to report to his ISO as directed; his whereabouts were unknown; and he committed new crimes of unlawful use of a financial card, larceny, motor vehicle theft, and burglary. Scogin requested that, if his probation was revoked, the district court modify his sentence. The court found Scogin violated the terms of his probation in multiple ways, including the commission of new crimes, and that placing him back on probation was a public safety risk. The district court revoked Scogin's probation, denied his request to modify his sentence, and ordered him to serve his original prison sentence of 11 months.

On appeal, Scogin argues the district court abused its discretion in revoking his probation and should have either continued probation or reduced his term of imprisonment as requested. The State responded Scogin failed to present compelling facts to support a finding that the district court abused its discretion in revoking his probation and imposing his original prison sentence of 11 months after the second revocation hearing.

Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Scogin

bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court made no error of law or fact. Scogin acknowledged he had committed new crimes while on probation. The district court, therefore, could bypass sanctions and revoke Scogin's probation. See K.S.A. 22-3716(c)(7)(C). We observe no abuse of discretion as the district court properly applied its statutory authority to revoke Scogin's probation and impose his underlying prison sentence.

Affirmed.