NOT DESIGNATED FOR PUBLICATION

No. 129,104

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER MICHAEL TEMAAT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Tyler M. Temaat appeals the district court's revocation of his probation and imposition of a modified, 200-month prison sentence. Temaat contends the district court's decision was unreasonable and thus an abuse of discretion. Apparently recognizing the legal authority disfavoring his claim, Temaat requested resolution through a motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), which this court granted.

Given that the district court initially granted Temaat's probation through a dispositional departure and his subsequent admitted probation violations, this court finds no error of law or fact in the district court's decision and cannot say that no reasonable court would have reached the same result. Thus, Temaat failed to demonstrate that the

1

district court abused its discretion by revoking his probation and imposing a modified prison term.

FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2023, Temaat pled guilty to aggravated robbery in violation of K.S.A. 21-5420(b)(2), pursuant to a plea agreement in which the parties agreed to recommend a sentence that included a dispositional departure to probation. As part of the plea agreement, the parties agreed to ask the district court to order Temaat to "comply with his mental health treatment, including but not limited to continuing to attend therapy and remaining compliant with his prescribed medication." The district court found an adequate factual basis for the plea and that Temaat entered the plea "knowingly, voluntarily, and intelligently with the assistance of competent counsel," and it thus convicted Temaat.

Before sentencing, Temaat filed a motion for dispositional departure to probation based on substantial and compelling factors, including: Temaat's acceptance of full responsibility through his guilty plea; the availability of programs to help with Temaat's mental health issues and decrease his risk of recidivism; Temaat's engagement in these programs during his time on bond in the case; and Temaat's mental health issues leading to the charges. Temaat also argued the case featured less-than-typical harm because no weapon was used in the commission of the offense, the property in question was immediately returned to the victim, and the harm to the victim was minor. The plea agreement had identified substantial and compelling factors supporting the dispositional departure as "the role mental health played in the offense" and Temaat's "continuing actions taken to address his mental health issues, including continuing therapy and complying with his prescribed medication."

2

The district court found Temaat's criminal history score was B and the statutory guidelines carried a presumptive prison sentence of up to 228 months. Accordingly, the district court sentenced Temaat to a 228-month prison term with postrelease supervision for 36 months. However, the district court granted Temaat's dispositional departure to probation "[b]ased on the reasons set forth in the plea agreement, including the State's recommendation to depart from the presumption of imprisonment." The district court explained the suspension to probation was "conditioned on compliance with probation for the next 36 months."

The district court explained the requirements of Temaat for the 36 months of probation which included that he remain law abiding; pay required fees; obtain drug, alcohol, and mental health treatment and follow all treatment recommendations; sign all necessary releases to permit access to his treatment records; maintain employment; refrain from alcohol and drug consumption; and submit to random drug and alcohol screening. On December 31, 2024, the district court modified the conditions of Temaat's probation to include the requirement that Temaat successfully enter and complete the Sedgwick County Adult Residential Program.

On April 15, 2025, Temaat's probation officer alleged Temaat committed 17 violations of the terms and conditions of his probation including submitting drug screens positive for illegal drugs, admitting to consuming illegal drugs, and failing to take his mental health medication as prescribed. On April 30, 2025, the district court held a probation violation hearing where, after being advised of his rights, Temaat admitted the violations. The State recommended the district court revoke Temaat's probation and impose his underlying sentence based on the recommendations of the probation officer and because Temaat was ineligible to return to the residential program or participate in a drug court program. Temaat's counsel asked the court to continue Temaat's probation because it was his first court sanction and Temaat had relapsed. Counsel described Temaat's mental health disorders and his efforts to comply with his requirements,

3

including his completion of inpatient treatment the previous July; participation in aftercare treatment at COMCARE; and completion of group meetings related to addiction. Counsel argued Temaat's prison sentence was high given that he was 28 years old and asked the court "because of the mental health and the drug addiction, to give him another opportunity to work that program," or sober living, "or something short of imposing the entire sentence."

The district court revoked Temaat's probation, explaining that Temaat's drug use resulted in "tons of property and person crimes going on over and over again," and then considered Temaat's efforts and modified the underlying sentence to 200 months. After the district court announced its ruling, Temaat requested to speak; he took responsibility for his actions and pleaded for mercy, citing his youth and his children's needs. The district court was not moved to alter its decision. After the hearing, the district court filed a journal entry reflecting its judgment—the court revoked Temaat's probation based on the violations in the warrant and ordered Temaat to serve a modified sentence of 200 months.

Temaat appealed.

DISCUSSION

Probation violation proceedings have two stages. First, the district court determines whether the defendant committed a violation, and if a violation is established, the court then conducts a disposition hearing and imposes an appropriate sanction. *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 1231 (2008). That sanction could include revocation of the probation and imposition of the underlying sentence or any lesser sentence. K.S.A. 22-3716.

4

This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion when its action is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of demonstrating that abuse. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Although courts may revoke probation after establishing a violation, under the statutory scheme applicable here the district court generally must impose an intermediate sanction before revocation—unless a statutory exception applies. See K.S.A. 22-3716(c)(2). One such exception permits probation revocation without a prior intermediate sanction when "the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 21-6815, and amendments thereto." K.S.A. 22-3716(c)(7)(B). Therefore, because Temaat was placed on probation as part of a dispositional departure, the district court was not required to impose any intermediate sanctions before revoking his probation. See K.S.A. 22-3716(c)(7)(B).

Temaat does not claim the district court erred as a matter of law or fact. Rather, Temaat contends that the district court acted unreasonably because it should have continued his probation or granted a modification.

When the district court granted Temaat's request for a dispositional departure, it explained that Temaat was required to follow certain terms and conditions. Unfortunately, Temaat did not comply with the terms of his probation. Despite early efforts to meet his obligations and obtain treatment, Temaat ultimately absconded from his residential program and relapsed in April 2025. He admitted to using illegal drugs

when he was supposed to be in the residential treatment program. Additionally, Temaat failed to take his mental health medication as prescribed.

Given that part of the district court's reasoning for granting a dispositional departure to probation was Temaat's mental health issues and treatment needs, Temaat's failure to comply with those treatment requirements is a notable violation. In his departure motion, Temaat argued the crime he committed "was the result of a mental health episode unlikely to reoccur while Mr. Temaat is in compliance with therapy and medication management." Temaat's continued compliance with mental health treatment and medication was vital to his success, and his admitted noncompliance supports the reasonableness of the district court's revocation decision.

The district court rejected Temaat's request for another chance on probation based on Temaat's inability to control his illegal drug use, his recurrent criminal conduct, and his multiple failures to succeed on probation. However, the court did consider the severity of the sentence under the circumstances and modified the underlying prison term from the original 228-month sentence to 200 months—reducing the sentence by more than two years. Under these circumstances, this court cannot say that the district court's decision was unreasonable. Temaat has failed to demonstrate that the district court abused its discretion in revoking his probation and imposing a modified underlying prison sentence.

Affirmed.