NOT DESIGNATED FOR PUBLICATION

No. 129,333

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHON K. TILLOTSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., ARNOLD-BURGER, J., and ANDREA PURVIS, District Judge, assigned.

PER CURIAM: Stephon K. Tillotson appeals the district court's order revoking his probation and imposing a modified prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State agrees that summary disposition is appropriate. After reviewing the record, we likewise agree and affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2024, Tillotson agreed to plead guilty to one count of felony criminal threat and one count of misdemeanor violation of a protective order. In

1

exchange, the State dismissed an aggravated burglary charge arising from the same incident and agreed to recommend the mid-number in the appropriate grid-box for the criminal threat charge and a 12-month jail sentence for the violation of a protective order, and to recommend the counts run consecutive to each other and any prior case. The district court judge accepted Tillotson's plea after confirming it was made knowingly and voluntarily, that he understood the nature of the charge and resulting consequences, and that there was a sufficient factual basis for the conviction.

According to the presentence investigation report, Tillotson's criminal history score of H placed him in a presumptive probation box on the sentencing grid with an underlying prison sentence range of 6, 7, or 8 months on the criminal threat conviction, and a term of 12 months in jail on the protective order violation. Adopting the parties' sentencing recommendations, the district court placed Tillotson on a presumptive probation term of 12 months, with the underlying terms of incarceration to run consecutive. As a probation condition, the court ordered Tillotson to have no contact with the victim.

In March 2025, Tillotson waived his right to an evidentiary hearing on several alleged violations of the terms of his probation, including that he again violated the same protective order by contacting the victim on the underlying convictions. The district court ordered him to serve a 3-day jail sanction and continued his probation, also authorizing an additional 18 days of sanction. The court further reiterated the no-contact order.

In June 2025, Tillotson again waived his right to an evidentiary hearing on several alleged violations of the terms of his probation, including that he again violated the same protective order by contacting the victim on the underlying convictions, as well as consuming alcohol and other technical violations. The district court revoked Tillotson's probation, finding that his newly admitted violations were "substantially the same" as his

2

previous violations since he was "continuing [to] violat[e] the PFA." The court, however, modified his sentences to instead run concurrent for a controlling term of 12 months.

Tillotson now appeals.

ANALYSIS

Tillotson argues the district court abused its discretion when it revoked his probation and imposed a modified sentence rather than reinstating probation.

Tillotson stipulated to violating the terms of his probation, so the district court's probation disposition is the only issue in this appeal.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting the district court abused its discretion, Tillotson bears the burden of establishing such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Tillotson asserts no legal or factual errors, so the only question is whether the district court acted unreasonably. Tillotson claims the district court abused its discretion because he took responsibility for violating the terms of his probation by apologizing to the court and asking for a chance to enter a more structured residential treatment. He also asserts that despite a relapse, he had completed rehabilitative efforts and was making strides to better himself. Yet, as the district court noted, Tillotson's underlying crimes and his probation violations involved the same underlying conduct. From our review of the

3

record on appeal, we conclude that the district court acted within its discretion by revoking Tillotson's probation and ordering him to serve a modified prison sentence.

Affirmed.