NOT DESIGNATED FOR PUBLICATION

No. 129,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY F.K. CASENDE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MICHAEL LLAMAS, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM: Anthony F.K. Casende appeals the revocation of his probation and the imposition of his underlying prison sentence. We granted Casende's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not object to summary disposition. After review, we affirm the district court's ruling.

In May 2021, the State charged Casende with possession with the intent to distribute, a severity level 2 drug felony, and interference with law enforcement, a nonperson misdemeanor. Pursuant to the plea agreement, the State dismissed the interference with law enforcement charge and Casende pled no contest to the drug felony.

1

The parties agreed to recommend a joint downward dispositional departure to probation and several conditions of probation.

At the November 2023 sentencing, the district court found that Casende had a criminal history score of H and sentenced him to 100 months' imprisonment with 36 months' postrelease supervision. In accordance with the plea agreement, the district court granted a motion for downward dispositional departure, suspended Casende's prison sentence, and placed him on 36 months' probation. The court also ordered Casende to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.

The State later moved to revoke probation, claiming Casende had been convicted of possession of cocaine and other charges and had failed to report to his probation officer.

During the July 2025 probation revocation hearing, Casende admitted that he had been convicted of possession of cocaine and of fleeing from a police officer in March 2025. He also admitted to his conviction on multiple counts of being in contempt of court and to two counts of failure to report to his parole officer in December 2024 and March 2025. Accordingly, the district court found Casende had violated the conditions of his probation.

The State requested the district court impose Casende's underlying 100-month prison sentence. Casende requested that probation be reinstated. The district court revoked Casende's probation and imposed a lower prison sentence of 50 months.

Casende appealed.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A court may revoke

probation without having imposed an intermediate sanction if the offender received probation as a result of a dispositional departure. K.S.A. 22-3716(c)(7)(B). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Sampson*, 297 Kan. 288, 292, 301 P.3d 276 (2013).

On appeal, Casende argues the district court erred by revoking his probation. He acknowledges his past probation violations, but he points out his active efforts to turn his life around, the completion of the drug and alcohol evaluations mandated by the district court, his willingness to relocate as necessary to complete probation, and the allegedly successful status of his probation leading up to its revocation.

Casende, however, admitted to violating the terms of his probation. Because Casende's probation resulted from a dispositional departure, the district court retained discretion and authority to revoke probation and impose the underlying prison sentence without imposing any intermediate sanctions. See K.S.A. 22-3716(c)(7)(B). We also note the district court had the discretion and authority to revoke Casende's probation without imposing any intermediate sanctions because Casende admitted to being convicted of a new felony while on probation. K.S.A. 22-3716(c)(7)(C). And the district court had the discretion to impose a lesser sentence following revocation of Casende's probation under K.S.A. 22-3716(c)(1)(C).

The district court did not make an error of fact or an error of law. Further, because Casende admitted to his criminal convictions, including possession of cocaine, while on probation, we cannot say the district court's decision was arbitrary, fanciful, or unreasonable. A reasonable person could agree that imposition of Casende's underlying prison sentence was appropriate.

Affirmed.

3