NOT DESIGNATED FOR PUBLICATION

No. 129,287

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL LEE ABSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.: Daniel Lee Abson appeals a district court's order for him to serve his 46-month prison sentence. While Abson admits that he violated the terms of his probation, he argues that his circumstances warranted a second chance on probation. We granted Abson's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). We find no abuse of discretion by the district court and affirm the court's imposition of his prison sentence.

*A plea and a dispositional departure sentence precede a probation revocation.*

Abson pled guilty to a violation of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., for failing to register. In exchange for his plea, the State agreed to dismiss the remaining charges and to recommend a dispositional departure sentence to probation. Abson was granted a downward dispositional departure sentence to 24 months' probation with a suspended 46-month prison sentence. The district court cited Abson's acceptance of responsibility and the parties' agreement as reasons supporting the departure. His terms of probation included that he may not use illegal drugs, he must not violate any laws, he continue to register, and he pay fees as required.

After about a year, Abson violated his probation terms by:

(1) failing to report as directed;

(2) failing to comply with random drug testing;

(3) failing to obtain a substance abuse evaluation as ordered;

(4) failing to provide an accurate address; and

(5) failing to comply with registration requirements under the Offender Registration Act.

After the district court found that Abson had violated his probation, the court ordered Abson to serve a 3-day jail sanction and then extended his probation for an additional 12 months.

About six months later, Abson *again* violated the terms of his probation by using illegal drugs. Based on this second probation violation, Abson served another 3-day jail sanction, and his probation was extended for an additional 12 months.

Alleging a third probation violation, the State moved to revoke Abson's probation. Abson admitted to violating the terms of his probation by using drugs and alcohol but denied the allegation that he failed to register. The district court found that a probation violation was established and concluded that Abson was unlikely to succeed on probation. Based on those findings, the court revoked Abson's probation and sent him to prison to serve his 46-month sentence.

*The law on probation violations is well-settled.*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review a district court's decision to revoke a defendant's probation for abuse of discretion. Judicial action is an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on a legal error; or (3) it is based on a factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

K.S.A. 22-3716 controls our analysis. Ordinarily, once a district court establishes that a probation violation has occurred, the court must order the offender to serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 22-3716(c)(1)(B). The court, however, may bypass this requirement if the defendant was on probation because of a dispositional departure sentence. K.S.A. 22-3716(c)(7)(B).

*Revoking Abson's probation was not an abuse of discretion.*

On appeal, Abson argues the district court abused its discretion by revoking his probation because he had a documented history of substance abuse issues; he had admitted using drugs and alcohol; and he was willing to pursue treatment. Abson argues that, in such circumstances, no reasonable judge would have agreed with the district

court's revocation of his probation. Abson does acknowledge that a district court may legally revoke a probation without an intermediate sanction if the defendant was on probation because of a dispositional departure sentence. See K.S.A. 22-3716(c)(7)(B).

Based on our review of the record, we find no abuse of discretion. Abson was given many chances to seek treatment after his prior probation violations. Abson again violated the terms of his probation by using drugs and alcohol, he had served two three-day sanctions, and he had received a dispositional departure sentence. Thus, the district court was well within its authority to revoke his probation. See K.S.A. 22-3716(c)(1)(B); K.S.A. 22-3716(c)(7)(B).

Affirmed.